_Jose Abel Fierro #044803._
Name and Prisoner/Booking Number

_ASPE-lewis-Unit-Buckley-1-A-21._
Place of Confinement
_P.O. Box 3400._
_26700 S. Hwy. 85._
Mailing Address

_Buckeye, AZ- 85326-3400._
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _Jose Abel Fierro_ ,  )<br>(Full Name of Plaintiff)    Plaintiff,  )<br>)<br>vs.  )<br>)<br>(1) _Charles L. Ryan, et al._ ,  )<br>(Full Name of Defendant)  )<br>(2) ,  )<br>)<br>(3) ,  )<br>)<br>(4) ,  )<br>Defendant(s).  )<br>■ Check if there are additional Defendants and attach page 1-A listing them.  ) | CASE NO. _2:13-CV-02173-PGR-BSB._<br>(To be supplied by the Clerk)<br>_Jury Trial Demanded._<br><br>**CIVIL RIGHTS COMPLAINT**<br>**BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>■ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ■ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    - ■ Other: _See Continuation-A. Jurisdiction. 1-A._

2.  Institution/city where violation occurred: _ASPE-Yuma. ASPE-Winslow. ASPE-Florence. ASPE-Tucson._
    _ASPE-lewis-Buckeye._

Revised 5/1/2013

1

**550/555**

Continuation-A. Jurisdiction. I-A.

~~28 U.S.C. §1367(a).~~ 18 U.S.C. 242. A.R.S. §§ 31-201, 41-1604 (A), 41-608. Department Order (DO) 1104. DO. 1101. DO. 909.09. DO. 902 §1.2.2. DO. 805. DO. 802.

Anderson V. Creighton, 483 U.S. 635, 640, 107 S. CT. 3034, 97 L. Ed. 2d. 523 (1987).

Porter V. Nussle, 534, U.S. 516 (2002).

Marshall V. Comm'r OF Soc. Sec. 444 F.3d 837, 841-42 (6th Cir. 2006).

Estelle, 429 U.S. aT 104-05; Jett, 439 F.3d aT 1091, 1096.

## B. DEFENDANTS

1. Name of first Defendant: *Charles L. Ryan* . The first Defendant is employed as:
*Director* at *Central office-Phoenix.*
(Position and Title)                                (Institution)

2. Name of second Defendant: *Budilla # 4389.* . The second Defendant is employed as:
*Correctional Officer (E.O.) III, Case Worker* at *Rast Unit-Buckeye.*
(Position and Title)                                (Institution)

3. Name of third Defendant: *Michael McCarville* . The third Defendant is employed as:
*Associate Deputy Warden* at *Rast Unit-Buckeye.*
(Position and Title)                                (Institution)

4. Name of fourth Defendant: *Houze* . The fourth Defendant is employed as:
*E.O.II.* at *Cimarron Unit-Tucson.*
(Position and Title)                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ■ Yes        ☐ No

2. If yes, how many lawsuits have you filed? *3* . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: *Jose Abel Fierro* v. *Dora Schriro, et al.*
      2. Court and case number: *USDC-AZ. CV 06-0351.*
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) 
      *Dismissed without Prejudice.*

   b. Second prior lawsuit:
      1. Parties: *Can't recall.* v. 
      2. Court and case number: 
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) 

   c. Third prior lawsuit:
      1. Parties: *Jose Abel Fierro* v. *State of Arizona, et al.*
      2. Court and case number: *Az. Supreme Court. CV-14-0034. PR.*
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) *Denied.*

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

| | | | |
|---|---|---|---|
| 5- | Molera. | C.O.II. | Cimarron Unit-Tucson. |
| 6- | Pitrowsky. | Seargent. | Cimarron Unit-Tucson. |
| 7- | Ochoa, Blanca | Associate Deputy Warden. | Cimarron Unit-Tucson. |
| 8- | McOffy, M. | Protective Segregation Admin. | Central Office-Phoenix. |
| 9- | Smith, Keith. | Security Operations Admin. | Central Office-Phoenix. |
| 10- | Shuster | Associate Deputy Warden | Morey Unit-Buckeye. |
| 11- | Sanders | Associate Deputy Warden. | Dakota Unit-Yuma. |
| 12- | Pruett | Deputy Warden. | Kaibab Unit-Winslow. |
| 13- | Fizer, G. | Deputy Warden. | Central Unit-Florence. |
| 14- | Quintero. | Special Security Unit. | Central Unit-Florence. |
| 15- | Stephan. | C.O.III. Case Worker. | Central Unit-Florence. |
| 16- | Jacicson | Reclassification Officer. | Central Unit-Florence. |
| 17- | Wiggins, P. | Reclassification Officer | Central Office-Phoenix. |
| 18- | Forester, L. | Associate Deputy Warden. | Cimarron Unit-Tucson. |
| 19- | Focker, Cary | Physician Assistant. | Morey Unit-Buckeye. |
| 20- | Euen. | C.O.III. Case Worker. | Stiner Detention Unit-Buckeye. |
| 21- | Morales. | Nursing Supervisor. | Stiner Unit-Buckeye. |
| 22 | Rojas, B. | Facility Health Administrator. | Medical Complex-Buckeye. |
| 23- | Merchant, K. | Medical Doctor. | Stiner Detention Unit-Buckeye. |
| 24- | Malachinski, L. | Medical Director | Buckley Unit-Buckeye. |
| 25- | Kioochi. | Register Nurse. | West Medical-Tucson. |
| 26- | Lacrone. | C.O. II. | Cimarron Unit-Tucson. |
| 27- | Stark | C.O.III. Case Worker. | Dakota Unit-Yuma. |
| 28- | Miller | Nursing Supervisor | Dakota Health Unit-Yuma. |
| 29- | Veckcuyic | Medical Doctor. | Central Unit-Florence. |
| 30- | Stowell, E. | Facility Health Administrator | Medical Complex-Winslow. |
| 31- | Greeley, G. | Facility Health Administrator | Medical Complex-Winslow. |
| 32- | Anderson, S. | Grievance Coordinator. | Central Unit-Florence. |
| 33- | Espinoza, M. | Grievance Coordinator. | Central Unit-Florence. |
| 34- | Thompson, M. | Medical Doctor. | Central Unit-Florence. |
| 35- | Brower, Ryan. | Physician Assistant | Central Unit-Florence. |
| 36- | Shroff. | Medical Doctor. | Central Unit-Florence. |
| 37- | Brown, L. | Medical Doctor. | Manzanita Unit-Tucson. |
| 38- | Nash, T. | Clinical Coordinator. | Medical Complex-Tucson. |
| 39- | East. | Clinical Coordinator. | Medical Complex-Tucson. |

2-A.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: *8th Amendment of the U.S. Constitution.*

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ■ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   A Plaintiff's grammar is poor so please bear with him including all counts.

   1- On January 2011, the Plaintiff was the victim of two violent incidents at the hands of the border brothers bb bonds at East Unit-Lewis-Complex-Buckeye.

   2- On or about first week of January 2011, Cell mate Nieto a.b.b. and Plaintiff had their first violent physical confrontation. This was not taken well by his minions. They requested a cell change for Nieto thru Accountability staff and was granted. But when Nieto's new cell mate was transfer to another prison unit. The same staff at accountability moved Nieto back into Plaintiff's cell for the second time. Knowing very well that we can not be cell mates once again.

   3- Plaintiff and Nieto immediately brought this issue with the floor officer in charge, that this move is not going to work-that we need to speak with the Sergeant, Sgt, in charge or Lieutenant, Lt. Our request was ignored. Instead Defendant Def. Badilla came and spoke with us.

   4- We both told him that this move is not going to work. We both already had a confrontation and is not going to work. Def. Badilla stated that he can not help us at all and left. Due to the confrontation- His duty was to put in place a do not house with form-801-12 P.

   5- Def. Badilla's responsibility is to immediately write up a prison incident report regarding this issue and notify the prison shift commander in charge or the Special Security Unit SSU staff to put in place a do not house with form for the Plaintiff and Nieto. Def. Badilla was deliberate indifferent to Plaintiff's safety concerns.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Please go to page 3-F & 3-G.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ■ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I?  ■ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ■ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## Continuation Count 1.

6- On January 27, 2011, Nieto and Plaintiff had their second violent confrontation. In the process Plaintiff broke his right hand. Badly. It has Not been the same since. Painful when doing his daily activities. On going Chronic pain.

7- Plaintiff had Surgery, major, on 2-23-11. He lost about half an inch of bone. Put in place 1 good size plate. 7 screws. 2 pins. Surgery lasted over 1-hour. Sensory Nerve damage pain radiating thru Nerves and muscle up to Plaintiff's elbow, starting on his little finger where loss of bone occured.

8- If Def. Badilla had follow Prison Policies had done his Job. Properly Per Policy Plaintiff's assault, injury have had Not occurred. Plaintiff told Def. Badilla more than one occasion that we did Not want to become cell mates or share a cell together. Control Room staff logs in who comes to where and to what cell number. At all times.

9- When the floor office was doing count. Plaintiff and Nieto request to see the shift Commander on duty. Several Sgts. Jane Does, approach Plaintiff's cell door and when he was alone with them and told them He stated he wanted out of the unit. Not a cell change Now as they recommended Now. A risk to Plaintiff's safety.

10- Plaintiff is Not affiliated with any Knows Prison gangs. Plaintiff is Commonly Known as a "Civilian" and when a "Civilian" has a Physical Confrontation Problem with a any b.b. they All retaliate Very Severly. Plaintiff Knowing this for a fact, he request Verbally Protective Segregation (PS) from the b.b.

11- Plaintiff was handcuffed and taken to the Yard office and initiate Protective Segregation review Process as required per Department order (DO). 805 Protective Segregation. A Prison Incident Report written up.

12- Sgt. Knight, Completed Plaintiff's information Report and the Plaintiff Completed his Protective Segregation Inmate statement for Def. McCarville and Def. McAffy's review, with his safety Concerns regarding his Known enemies the b.b. Sgt. Knight did Not Photographed, Record Plaintiff's injury of his broken right hand.

13- Plaintiff was given a Urinalysis for drug use abuse and it was Negative.

14- Plaintiff was then Transfered to Morey Detention Unit.

15- Def. McCarville and Def. McAff, denied Plaintiff's request for P.S., and Placed the Plaintiff in Alternative General Population Placement. In the Proximity of his enemies. B.B. Disregarding an excessive risk to Plaintiff's safety.

16- Plaintiff immediately within three days- Filed his Protective Segregation Appeal with Def. Smith, stating his safety Concerns in G.P. Specifying details. Specually fears for safety.

17- Def. Smith, did Not approve Plaintiff's request for P.S. Due to Not being assaulted and Plaintiff's allegations are self reported and unsubstantiated. Appeal denied.

18- All this information is available to the Arizona Department of Corrections staff through the Prison Adult information management system (Aims) File. Specially issues with Known gang members.

19- Plaintiff was Transfer out of morey Detention Unit to the Arizona State Prison Complex (ASPC) Tucson Cimarron Unit.

20- On March 11, 2012, Plaintiff was housed in with the head of the b.b. Gastelum. He found out that I had requested P.S. at my Previous Unit - East Buckeye. He went thru my Personal boxes and took Personal items. Family Phone + address book, Photos. On or about 5 A.M. Sunday Morning, 3-11-12. Early that morning Plaintiff and Gastelum had a violent Physical Confrontation.

21- When Def. Houze, First shift, was doing her rounds walk, Gastelum asked her to be taken to the Health Unit. Building. On or about 6:30 a.m. she call medical. Before he left. He went to Lopez's Cell door 1-B-9, and Nuñez's Cell door 1-B-17 and told them to take Care of Plaintiff. Because Plaintiff is a Protective Custody issue. Def. Houze did love him.

22- When Def. Houze, returned to Plaintiff's Cell door, on or about 6:40 A.m. beg her Not to open the Cell door due to the b.b.'s are going to Assault, beat up the Plaintiff. She said she will Not open it. As the Floor officer Def. Houze Can request any Cell door to be opened by the Control key officer or to be kept Closed, Plaintiff feared for his safety and their the Knowledge that he was a P.S. Case. Plaintiff told Def. Houze Several times Not to open his Cell door. 1-B-8. Prison incident Report written by Def. Houze. A Must. Policy.

23- Plaintiff Could Not speak with Def. Molera. He was the Control key officer in the "Bubble".

24- Plaintiff Could Not leave his Cell and be exposed to Serious Physical harm in the "Pod" or Day Room.

25- Plaintiff believes that the time passed between the time he asked Def. Houze that his Cell door Not be opened and the time the Cell door was opened by Def. Molera - about an hour. One.

26- Plaintiff's Cell mate was at the Health Unit. His Cell door was Not opened to admit his Cell mate Gastelum. but to let in inmates Lopez and Nuñez.

27- Plaintiff reported his fears for his safety to Def. Houze and she disregarded it. Completly - No intention to Protect it. Def. Houze is responsible for Plaintiff's welfare.

28- Def. Houze is responsible to immediately Notify the Control key officer Def. Molera, Not to open Cell door 1-B-8. And to Notify her Supervisor in Charge for this day. All the facts are within Def. Houze and Molera Prison incident Report Form for 3-11-12. A.m.

29- Def. Houze and Molera were deliberate indeferent for Plaintiff's safety and was disregarded.

3-A

## Continuation Count 1.

30- Plaintiff request Def. Houze that he wants to Speak with the Sgt. or alt. in Charge. Since this is my third violent confrontation with the b.b.'s. I feared for my safety.

31- Def. Houze, Responsibility is to notify the Staff in the Control Room "Bubble" Def. Molera, Not to open Cell-1-B-8 she did Not. She was to notify as required Per Policy. D.O. 805 - she did Not do it as it's required Per Policy.

32- Def. Molera, Popped open Plaintiff's Cell door opened my cell door at the request by For. In mate Valenzuela living in Cell 1-B-10. Not once but three times and each time - Plaintiff was struggling in keeping it Close, inclosing it with From inmates (Im) lopez and Nunez. Preventing the inevitable. Not.

33- Plaintiff, Could no longer keep his door closed by Pushing it shut - Im's lopez and Nunez, would Not give up and Plaintiff had medical-physical probles. He could not use his Right hand, Right shoulder and Right leg properly to defend himself from the two Ims.

34- Plaintiff had in the Past Several operation procedures. Hand Surgery- 3 times. Shoulder Surgery Diagnosed with a herniated disc. Sciatica. Pinched Sciatic Nerve.

35- lopez and Nunez went in in to Plaintiff's Cell, and was beaten and kicked Severly. Causing more injury to his hand and shoulder surgeries and his Pinched Sciatic Nerve. they left Plaintiff on the floor bleeding. His head being kicked in, hand, shoulder, Face, and his lower back.

36- When def. Houze, returned from letting out For Baker Pod OUT For Breakfast. Building Empty, she approched my Plaintiff's Cell door, Window, and Plaintiff showed her Plaintiff's Face bleeding, Plaintiff asked her why did you or Def. Molera opened my Cell door. ? look what happened. ? Def. Houze, Just kept Staying at Plaintiff saying Nothing. I asked her again, Several times, I need to Speak with the Shift Commander as Soon est Possible.

37- Def. Pitrowsky, Came and spoke with Plaintiff and here requested out the of Cimarron Unit and Needed P.S. Def. Pitrowsky, took Plaintiff to the North-6 Building Where he was treated by medical staff Porter and Anderson. He was given Ice and Butterflies band aids for his injuries. His internal injuries were Never evaluated by medical staff Properly.

38- Def. Pitrowsky, took Pictures of Plaintiff's injuries to be included in his 805 Pocket information Report. Plaintiff requested P.S. Verbally to Def. Pitrowsky. For Def. Ochoa and Def. McOffy's review.

39- Plaintiff was given a Urinalysis for drug use and it was Negative.

40- Def. Ochoa and McOffy, denied Plaintiffs request For P.S. even after he was the Victim of a Violent incident and they Continue to place him in 6-P. Within the proximity of his deadly enemies. No regard for his life.

41- Plaintiff within three days he filed his Protective Segregation Appeal to Def. Smith stating his Personal Safety concerns, in 6-P. with specific details. This was Not good enough For Def. Smith.

42- Def. Smith, did not approve Plaintiff's Protective Segregation Appeal request. Due to Plaintiff's allegations are Self reported and unsubstantiated and Plaintiff was Not assaulted. Appeal denied.

43- All this information is Available to the Arizona Department of Corrections Staff through the Plaintiff's A-I.M.S. File Specially issues with Known gang members. Yet, Staff Keeps placing Plaintiff's Well being in Jeopardy. Harms Way.

44- Plaintiff was then transfer to Manzanita detention Unit-Tucson Complex, From there Plaintiff was then again transfer to the A.S.P.C. lewis-Buckeye morey Unit. For the Second time.

45- On or About April 5, 2012, Plaintiff spoke with C.o. II Rich, at morey Unit-Yard office, about his Problem with the b.b. He went into my File For Verification, instead of Placing the Plaintiff in at the morey Detention Unit- He was Put in the Yard- Building one (1) Cell-9. (1-B-9). A Friend of his, the Plaintiff, I/m Hernandez out of 1-B-14, approach his Cell door and told him that he Could not, in the Past, Work out his Problem with the b.b's. If Plaintiff have had stayed in at morey Unit- he Was going to get Serious-ly Physically assaulted and get Seriously hurt. that was Plaintiff's cue to leave the Building-Yard, Plaintiff left morey Unit escorted by Staff.

46- Plaintiff was taken to the Yard office again and requested P.S. Verbally to Staff Does. on 4-6-12. Staff completed Plaintiff's information Report and Plaintiff completed his Protective Segregation Inmate statement including the reasons for his Safety concerns in 6-P. in regards to his enemies the b.b. For Def. Shuster and Def. McOffy's Personal Reviews. Raul Mondragon being a Morey Unit and Nieto.

47- Plaintiff was given a Urinalysis for drug use and it was Negative.

48- Plaintiff was handcuffed and taken to the Isolation Cell at Stiner Detention Unit For No reason.

49- Def. Shuster and Def. McOffy Did not approve Plaintiff for P.S. and placed him in Alternative General Population placement. In the proximity of his Known enemies the b.b's.

50- Immediately Plaintiff within three days Filed his Protective Segregation appeal with Def. Smith stating All his Fears, Safety concerns in 6-P.

51- Def. Smith, did not approve Plaintiff's Appeal For Protective Segregation Due to Plaintiff's allegations are Self reported and unsubstantiated and was Not assaulted. Placing him within the proximity of his Known enemies the b.b's. No Regard for his life.

3-B.

Continuation Count 1.

52- Plaintiff was then Transfer to the ASPC-Yuma-Dakota Unit.

53- On May 2012, Accountability Placed the Plaintiff in G.P.

54- Im's Hernandez out of Cell 3-A-19, and Castillo 3-A-13, approach Plaintiff's Front Cell, Window and took his name and Number and stated " you have to go or else." that Plaintiff is or Not on the "LIST". Commonly knows for those Im's in trouble or have Problems with KNOWN the gangs.

55- Plaintiff had no choice but to leave the Unit-Dakota, He was handcuffed, And was taken to the yard office where he spoke with Sgt. Aguerrin and what had transpire and Needed P.S. from the b.b.s.

56- Sgt. Aguerrin initiated, Completed Plaintiff's information Report and Plaintiff Completed his Protective Segregation Inmate statement, with all his Safety Concerns in G.P. and his Known enemies the b.b. and that he did Not wont to get Physically assaulted. For Def. Sanders and Def. McOffy's Review.

57- Plaintiff was given a Urinalysis for drug use. IT was Negative.

58- On 5-8-12, C.O. IV go forth spoke with Plaintiff and Verified, initiated his 805 Pocket For the Second time. Accompany with his Secretary. Plaintiff was in excrution.ng Pain. Plaintiff told them about his Medical condition. they did ask.

59- Deputy Warden (DW) Def. Sanders and Def. McOffy did Not approve Plaintiff's request For P.S. He was Placed in alternative General Population Placement. In the Proximity of his KNOWN enemies.

60- Immediately Plaintiff within three days Filed his Protective Segregation Appeal with Def. Smith: "Please, do not house me in with any b.b. they are my enemies. I have had been assaulted by them in the Past, 1-27-2011, and 3-11-2012, ON File. look all I wout to do is my time in Peace. I am not into the drama of Politics. I would like to go into a Yard where I'm going to be left alone. I am 54 years old with health issues. what I have to do in order for you to believe me.? DO I Need to get Physically assauited to the Point of being in a Commatose state.? If my appeal for Protective Segregation is denied- and you Place me into a General Population Yard- I am Placing myself under your Responsibility 100% and the Arizona department of Corrections. I Can No longer. wolk, the General Population Yards."

61- Def. Smith did not approve Plaintiff's appeal and was Placed in alternative General Population Placement. Due to Plaintiff's allegations are self reported and unsubstantiated and was Not assauited. Appeal denied.

62- Plaintiff's assaults should and must be Filed in his Aims File. Defs. disregarded Plaintiff's safety with deliberate indifference.

63- Plaintiff was severely beaten once again for the third time ON 12-26-13, at Morey Unit-Buckeye.

64- Plaintiff was then again transfer to the ASPC-Winslow-Kaibab Unit.

65- On June 18, 2013, Accountability Placed the Plaintiff in G.P.

66- On the same date Someone slide thru under Plaintiff's door a "Kite" commonly known in Prison a Note statin 9 "We know about your "Pedo" (meaning Problem) and if you want to run with la Raza you are going to have to Stab or kill anyone we tell you to."

67- Plaintiff wanted No Part of their Proposal to injured or kill some one.

68- When the Floor officer Contreras was doing Cell check ups and her Count of the Pod- she opened Plaintiff's the cell door and Plaintiff explained to her what had transpired and showed her the kite" and its contents and request to see the shift Commander Sgt. S.S.U. staff.

69- Plaintiff was taken out of his cell and handcuffed to the Yard office handcuffed and that's when he spoke with Sgt. Marshall and Sgt. Gureski and explained what transpired and the kites contents the proposal to inture or kill another human being by gang members. Plaintiff refused to be part of it. He verbally requested P.S. status.

70- Sgt. Gureski, then Proceed to do Plaintiff's Paperwork, information Report and Plaintiff Completed his Protective Segregation Inmate statement For his 805 Pocket. stating his reasons for P.S. and his Safety Concerns in G.P. from his enemies the b.b.s. For Def. Pruett and Def. McOffy's Review.

71- Plaintiff this Request was Conducted twice. the Second one Conducted by Def. Barrera. Denied.

72- Plaintiff was given a Urinalysis for drug abuse. IT was Negative.

73- Plaintiff was then taken to Winslow Kaibab Detention Unit.

74- Def. Pruett and Def. McOffy, did not approve Plaintiff's request for P.S. and Placed him in alternative General Population Placement. IN the Proximity of his enemies the b.b.s. No Regard for his life, for well being.

75- Immediately Plaintiff within three days Filed his Protective Segregation Appeal with Def. Smith stating Completly the Problem on which Plaintiff desire serious assistance. And Providing us many details as Possible in regard to the b.b.s issue." D.O.C. staff, Dep.W, Def. Pruett, and P.S. Admin. Def. M. McOffy, and O.S. Admin. Def. Keith Smith Keep ON Placing me in the Proximity to Known enemies, the border brothers gang. IN General Population. "Alternative Housing" or "General Population" "will-

3-I.

Continuation Count 1.

Not suffice. I am in imminent danger of getting physically assaulted, getting stab or getting killed by the b.b.s. or me killing one of them b.b.s., or one of them followers of the b.b.s. on file. this is more than enough to satisfy imminent danger requirement. I do fear for my life. D.O.C. is responsible for my safety and I an entitled to expect a safe environment free of threats, harm, physical violence, and the psychological intimidation of knowing that I could be harmed or killed by the border brothers gang, or followers. I am attempting to avoid this serious problem. D.O.C. staff is ~~aec~~ not."

76- Def. Smith, for the fifth time did not approve Plaintiff's request for P.S. and he was placed in alternative General Population Placement. Due to Plaintiff's allegations are self reported and unsubstantiated and was not assaulted. He placed the Plaintiff in the proximity of his enemies the b.b.s. Def. Smith, is indifferent to Plaintiff's request. No regard for his life or his well being.

77- Plaintiff was then transfer to the ASPE-Florence-Central Unit.

78- Plaintiff met one of his friends at this unit who had knowledge of the incident that almost occurred back in April of 2012, at Morey Unit. Plaintiff asked him if he was willing to put it ~~th~~ down in writing for the D.W. Fizer and staff."
He said "yes" and that he will sign it to make it "official.

79- Jim Castro wrote the following 9 Jim letter (handwritten copies) to ~~th~~. Def. Fizer, Administration Central Unit. Dated 6-11-13, and Def. Quintero, Sgt. V. Yard office. In English and Spanish.
"My Name is Jesus Rivera-Castro #221007. I live in 7-6-9. On April 2012, I was housed in at Morey Unit, 1-D-6, Buckeye, AZ. Where I learned thru my Celly Adrion Quinonez, a member of the border brothers, that their head leader Raul Mondragon A.K.A. "R" gave the green light to hit, stick-kill Fierro #044803. He sent Nieto AKA "el cuate". Also "el Niño." "el Pariente" And my Celly Adrion Quinonez, to carry out the hit on Fierro, at 1-B-9. Morey Unit. Valenzuela, AKA "el Vale" a maintenance worker made a "shank" and took it to Nieto. The border brothers here at Central Unit-know about the hit. 7-A-3 & 7-B-3. "Terko" & "el Malo" & "Picudo". Health Unit Worker Cb-8. It is the responsibility of the administration to take the appropriate steps to take care of this serious issue."

80- He Castro also sent a second one in Spanish to Ss.V. Quintero. Yard office. He was never pulled out to discuss this issue with him ~~by~~ the Plaintiff at anytime while in building 7-at Central Unit. they were deliberately indifferent to Plaintiff's substantial risk of harm and no regard for Plaintiff's life or his well being.

81- Def. Fizer, Def. Quintero, both have been aware of facts in writing of the Plaintiff's assaults by the b.b.s. at Rast Unit-Buckeye, AZ. Cimarron Unit-Tucson, AZ. and the times he was yank out of several prison yards. Dakota Unit-Yuma, Cimarron Unit-twice, Winslow, AZ. Kaibab Unit, Morey Unit-Buckeye, AZ. All this information is available to all High Ranking staff when an Jim is known to have issues with a certain gang members. Plaintiff's A.I.M.s. file. so they knew about this issue and placed the Plaintiff in harms way deliberately when they fail to investigate thoroughly when they were made aware of Plaintiff's issues with the leader of the b.b.s. Mondragon, thru two Jim letters. Only way to communicate with any prison staff member.

82- Plaintiff learned thru his Cellmate Smiley, Angel at other Detention Unit-Buckeye, AZ, that Castro had been threaten by the b.b.s at Central Unit and had requested P.S. status. Castro was transfer to Brown.... Unit previously known as Central building 7-6. He also has issues with Elm Raul Mondragon.

83- On 6-20-13, Def. Stephan, Acting Classification officer, approach Plaintiff's front cell door, 7-6-11, and she stated that, it was my time for Maximum Custody Placement, Recommendation or not. At this this time I had told her that "I do have problems with the b.b.s. gang and that my family and other organizations, Arizona Prison Watch, know about my issues and that I would like to stay here at Central Unit-Maximum custody."

84- Def. Stephan said "I am going to recommend FO/R to Maximum Custody due to no housing options available in Close Custody." Meaning prison yards level-4. You will stay here.

85- Def. Stephan, failed to include in Plaintiff's reclassification forms how many times he has been physically assaulted by the b.b.s. in Close Custody yards-level 4. this critical information is in Plaintiff's computerized A.I.M.s. file. So he could stay in Maximum Custody. But Aims staff has determined Close Custody. Eventhough Plaintiff has had numerous issues at Close Custody yards. Indifferent to Plaintiff's well being and ~~or~~ safety. Plaintiff told her more than once he wants to stay in Maximum Custody level.

Continuation Count 1.

86- Def. Fizer, Participated in Plaintiff's reclassification hearing dated 6-20-13. He Neglected, failed and he's fully responsible in Filing the I/m letter sent in by Castro dated 6-11-13 into the Plaintiff's Computerised Aims File. Also Def. Quintero. Def. Fizer, denied Plaintiff's Placement in Maximum Custody 7-12-13.

87- Def. Jackson, Participated in Plaintiff's reclassification hearing dated 6-20-13. Plaintiff is Questioning as to why she failed to review the Plaintiff's Computerised Aims File.? this review would make Def. Fizer, Def. Jackson aware of an excessive risk to Plaintiff's safety they disregarded. All Plaintiff's physical assaults are regarded on this Computerised Aims File. If they had review it Plaintiff would have had stayed at in Maximum Custody-Central Unit. Def. Jackson, denied Plaintiff's Placement in Maximum Custody 7-12-13. Both failed to Make Comments regarding the denial.

88- Def. Wi99in, Participated in Plaintiff's reclassification hearing dated 6-20-13. Plaintiff's Def. Wi99in also failed to review Plaintiff's Computerised Aims File to make sure he has No issues with Known gang members, or that the has or has Not being assaulted by Known gang members. If he was physically assaulted then as Classification Administrator has a duty to approve Placement in Maximum Custody once again. throu9h Plaintiff's Computerised Aims File. Def. Stephon, Def. Fizer Def. Jackson, Def. Wi99in, all were aware of an excessive risk to Plaintiff's safety and all disregarded the threat. state wide. Def. Wi99in denied Plaintiff's Placement in Maximum Custody 07/31/13. Comments: Close Custody, even though Plaintiff had exhausted all Placement OPTIONS IN Close custody yards, level 4.

89- Indifferent to Plaintiff's safety. Def. Fizer did Not approve my Plaintiff's Placement in Maximum Custody. Also Def. Stephan, Def. Jackson, Def. Wi99in.

90- Def. Fizer, had Knowledge in writing by Castro of the threat From mondragon to the Plaintiff and he withheld information From other Defs, and Prison staff FOR Central Office-Phoenix. To approve Plaintiff to stay in Maximum Custody due to safety issues.

91- Plaintiff was then Transfer back For the Second time to the ASPC-TUCSON Cimarron Unit Where he was once Physically assaulted by the b.b.s. ON Sunday Morning 3-11-12. Arrival Tuesday September 17, 2013.

92- UPON arriving to at Cimarron Unit. Sally Port. Lot Detomore gave Plaintiff his New housing location in Building One ① - Able Run Cell-18. (I.A-1②). Just across from where Plaintiff used to live I-B-8. As soon est the Plaintiff step into the building 9-Able. One I'm approached him and told him to leave or else. You know what happened the Just time you were here. He's meaning the physical assault of 3-11-12. It's very obvious the Administration staff is setting me the Plaintiff UP.

93- Plaintiff Fearing another beatdown by the b.s. Plaintiff asked C.O.II. MustaFa and I.O.II Detomore that he has to leave the Yard. Plaintiff was handcuffed and taken to the Yard office, North Six.

94- Lt. Arredondo asked the Plaintiff if he wanted P.S.? Plaintiff's reply is "Yes".

95- Plaintiff spoke with C.O.II Castro. She Knew about Plaintiff's assault on 3-11-12, telling her that Raul mondragon has a "hit" on him. She help the Plaintiff with Lt. Arredondo to initiate the 805 Packet. Previously the Lt. wanted to give the Plaintiff a disciplinary ticket for refusing to house in at Cimarron Unit.

96- Lt. Arredondo initiated Plaintiff's 805 Packet For Protective segregation status. Plaintiff completed his Protective segregation inmate statement. Where he wrote down that Raul Mondragon had Put out a hit on him and stating His reasons, Fears, For his safety in G.P. From the b.b.s. For Def. Forester and Def. McOffy's review. Mainly Regarding Raul Mondragon. State wide.

97- Plaintiff was given a Urinalysis For drug abuse. IT was Negative.

98- Plaintiff was handcuffed and escorted to Cimarron Detention Unit - later to TUCSON Complex Detention Unit.

99- Def. Forester, Def. McOffy, did Not approve Plaintiff For P.S. status, and Placed him in Alternative General Population Placement. Within the reach, Proximity of his Known enemies the b.b.s. They were aware of an excessive risk to Plaintiff's safety and they disregarded deliberately, through his Computerised Aims File. No Regard For his Life or well being.

100- Plaintiff immediately within three days filed his Protective segregation Appeal with Def. Smith, stating the Following. I am facing Serious injury or even death if I am being Kept on Placing within the Proximity of my Known enemies. I have had exhausted all Placement OPTIONS available in Close Custody. At Yuma Complex. Buckeye. Winslow, and this is my second time at tucson-Cimarron 9-12-13. A Friend of mine Jesus Rivera-Castro # 221007 gave me the heads UP that the border brother's Second in Command, state wide, Raul Mondragon, AKA "R" has Placed a Hit on me. He will Verify this. In the Past I have had issues with his "godson" Nieto "el Cuate" and For leaving the Yard 1-27-12. State wide Problem. Yet, I am being Forced to go back out into General Population. All my allegations are Not-

3-E.

CONTINUATION COUNT 1.

self-reported or Unsubstantiated. When I find my-self in the hospital, I am hoping you will take full responsibility by you and by Central Office Classification staff.

this is my 3rd request. Please send me a copy of All my paperwork.

101- Def. Smith, did Not sent Plaintiff a copy of his entire 805 Packets.

102- Def. Smith, did Not aprove Plaintiff's appeal. For the Sixth time. Denying his P.S. status request and was Placed in alternative General Population Placement. IN the Proximity of his known enemies the b.b.s. Def. Forester, Def. McOffy and Def. Smith were aware of an excessive risk to Plaintiff's safety and they disregard. All Plaintiff's Physical assaults are entered into his Computerised Aims File. ₂Indifferent ₁Deliberately to Plaintiff's Needs. No Regord for his life or well being. All Defs. knew of the threat from Raul Mondragon to the Plaintiff. the Defs. Care Not. State wide.

103- On thursday, December 26, 2013. the Plaintiff was then transfer back for the Second time to the ASPI-lewis-Morey Unit-Buckeye. Where Raul Mondragon had Placed, and initiated, started the hit on the Plaintiff and still is Active. Until 12-26-13.

104- Plaintiff was forced to go into General Population Yard at Morey Unit-Buckeye. Placing me the Plaintiff within the Proximity of my the Plaintiff's known enemies the b.b.s. und Raul Mondragons' gang members.

105- Upon Plaintiff's arrival, at the Salley Port, 12-26-13, C.O. II theim gave Plaintiff his New Collassignment, 4-D-8, red side. Plaintiff was not interviewed by the more S.S. U. staff and to find out if he has any issues with any known gang members. Plaintiff was not even 10 minutes in the yard on his way to his New Cell assignment. When 2-members of the b.b.s., Physically assaulted the Plaintiff. They were called "Elia Pas" and "Payaso." Not their real Names. They cause Plaintiff seriously harm by beaten, Punching and kicking him severly. Adding more injury to the Plaintiff.

106- the beating and the kicking were witnessed by the guard tower staff Whom sounded the alarm. He wrote a Prison incident report on 12-26-13, also by the ground staff and C.O. II mancha. the staff refused to give me Plaintiff their Names and numbers for my Plaintiff's Records and future refences. Plaintiff ask for them several times from several staff members.

107- Plaintiff was taken to the Complex Medical Building. He was evaluated by R.N. Bunduschi. Plaintiff was only given ice for 3 days which he only received once. No follow ups by Def. Tucker, Physician Assistant. No Medication for Pain. Plaintiff was left to suffer and in Pain unecessary since 12-26-13. He requested refills for his gabapentin and tramadol and it was denied. A verifiable condition.

108- Due to the violent Physical assault the Plaintiff suffered S.S.I. Kohmelscher initiated my Plaintiff's request for P.S. status for the Seventh time. Prison staff Nor Medical staff Did Not take Photos of the Plaintiff's injuries external nor internal nor recorded them video way camara, as Normal yet. When ON time is Physically assaulted for their records. S.S.I. did witnessed my external injuries. Plaintiff could hardly walk and documented them in writing. A Prison incident report written up by the S.S.I. Kohmelscher at the morey Detention Unit-Buckeye-lewis-complex.

109- When all the Defs. Forester, McOffy, Smith and Central Office Classification staff. Placed the Plaintiff within the Proximity of his enemies IN at the Morey Unit-Knowing Very Well through the Computerised Aims File the threat against him was, is true-they took full responsibility of for all of his physical injuries, external and internal and all involved. Also the following Defs. Def. Pitrowsky, Def. Sanders, Def. Shuster, all were aware of the excessive risk to Plaintiff's safety and it was disregarded.

110- Def. Shuster and Def. McOffy, sent the Plaintiff to a Prison Yard where the b.b.s are considered a security threat to the guards. they are what they are Normally called "renouncers" but they still hold grudges against Aims' like myself. Plaintiff is beginning to have Problems with them. they label the Plaintiff as "Snitch." Plaintiff can not fight due to Numerous medical issues. for telling on him, Raul Mondragon.

111- Plaintiff has been begging medical staff to treat his internal injuries, and for Pain Management medication and all have been deliberate indifferent to his Pleas, medical Needs. State wide.

112- Plaintiff has submitted Multiple Health Needs Request only to be told "you have been Scheduled." On writing only. On all Health Needs Request.

113- All Defs. are sued in his/her individual Capacity and official Capacity. All Defs. Were acting under color of state law as employees of the Arizona Department of Corrections.

INJURY. Plaintiff suffered a Broken Right hand. loss of finger bone about half inch little finger. Now also suffers with from Sensory Nerve damage, Pain radiating through out up to his elbow. Due to the violent Physical assault Plaintiff Now suffers from Severe headaches. Deviated Septum. Flowered right ear. Having Problems hearing. Non-stop loud Ringing. Scarred internally ear drum or Parts. loud Popping Noise continually. Adding more injury to the Herniated disc, Sciatica-

3-F.

Continuation Count 1.

major Nerve leaving the Spine. Plaintiff has Submitted Numerous Health Needs request to medical Staff. None has been taken Care of properly like a referal to be evaluated by an specialist. Only that " you have been scheduled dated 2-25-14 by R.N. J. Loffey. No relief in Sight.

Now All the Defs. want the Plaintiff to Pay For All medical appointments For injuries he suffered at the hands of other IIM's and due to the Defs. Sending and Forcing Plaintiff to go into a General Population Yord 12-86-13. All Defs. they are responsible For his injuries, they must Pay For all Pain and Suffering and everything else regarding his injuries. medical.

3-6.

## COUNT II

1. State the constitutional or other federal civil right that was violated: *8th Amendment of the U.S. Constitution.*

2. **Count II.** Identify the issue involved. **Check only one.** State additional issues in separate counts.

   ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☒ Medical care

   ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation

   ☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1 - With deliberate indifference to Plaintiff's safety. Def. Forester, Def. Mcoffy, Def. Smith, they denied his request for Protective Custody. He Was assaulted twice in the Past, through the Plaintiff's Computerised Aims File Defs. Were aware of an excessive risk to Plaintiff's safety and it was disregarded.

   2 - All physical violent incidents of any Idn Prison staff has a duty to enter them into the Aims Aims File.

   3 - Plaintiff Was Physically Violently assaulted ON 1-27-11 and 3-11-12. First at Rast Unit & Elmarron Unit.

   4 - Due to the denial for Protective segregation the Plaintiff Was forced to go into a General Population Yard @ ON thursday, December 26, 2013, Plaintiff Was the Victim of a Violent incident by 2-other Inmates (that) members of the border brothers (bb). At the morey Unit, Witnessed by the 9uard tower staff. ON or about 13:30 hours, Whom Sounded the alarm, also by the 9round staff and c.o. II Mancilla. All wrote prison incident reports regarding the assault on Plaintiff. C.o II Mancilla, and 9round staff He all came to the Plaintiff's aid but, it was too late the damage had already been Seriously inflicted.

   5 - Plaintiff Was Pepper-Sprayed without a fault of his own, by staff, c.o II Mancilla, handcuffed the Plaintiff and took him to the Health Unit - at morey, Red side, Nurse Rodriguez, refused to check Plaintiff's injuries. She told c.o. II Mancilla to take the Plaintiff to Complex Medical due to the Seriousness of the injuries. Plaintiff Was forced by Prison staff to walk to Complex Medical, the c.o II mancilla had to assist the Plaintiff to walk by leaning and holding up the Plaintiff. He could not walk the 50 to 100 yards to Complex Medical.

   6 - Upon Arrival at Complex Medical - Plaintiff Was being evaluated by Nurse Bundushi. He only treated his external injuries. Plaintiff told him about him being assaulted by 2-inmates.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Plaintiff suffered Severe headaches. Deviated Septum. Loss of Hearing Left Ear. Re-injured broken right hand. Re-injured Right Shoulder. Re-injured Herniated disc. Medical refuse to treat injuries Properly, No Treatment since 12-26-13. Many Health Needs Request Sent in to Medical to no Avail.

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes   ☐ No

   b. Did you submit a request for administrative relief on Count II?     ☒ Yes   ☐ No

   c. Did you appeal your request for relief on Count II to the highest level?     ☒ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

   _____

4

Continuation Count 11.

7- Plaintiff told him that he was repeatedly kicked on the head, face, left ear, right hand, right shoulder, and his lower backside adding more injury to his Herniated disc, Sciatica. He was in real Pain.

8- Nurse Bundushi, left the Clinic to get the Plaintiff's medical File. When he returned he pawed through it and Plaintiff told him that his Pain medication has expired 12/18/13. Gabapentin and tramadol. that he Needs a New Prescription for his Severe Pain and Chronic Pain.

9- Plaintiff Submitted Several Health Needs Request For a Renewal of Pain medication or Surgery To relieve Pressure of my Nerves L-5 & L-1, dated Wednesday 12/18/13. Medical Never responded in a timely manner.

10- Plaintiff told Nurse Bundushi, to review his Electromyography and Nerve Conduction test results Studies Conducted by Neurologist Jonathon McKinnon, M.D. Monday, February 6, 2012.

11- Nurse Bundushi, said he could NOT find it within Plaintiffs' File.

12- Nurse Bundushi, said Gabapentin and tramadol are No longer Prescribed by Corizon.

13- Plaintiff has been in Pain and Suffering Since 12-26-13, Prison medical staff knew of and disregarded an excessive risk to Plaintiffs' health. When Plaintiff told medical of his Violent assault.

14- Nurse Bundushi, on 12-26-13, did a Verbal Consult with The Provider On Call Def. Tucker over the Phone, land line.

15- Plaintiff does Not know what their discussion was regarding Plaintiff's injuries. Nurse Bundushi was about 15 yards away from Plaintiff to hear their discussion.

16- All Plaintiff knows is that Def. Tucker did NOT order a Follow up to be able to evaluate more closely Plaintiff's injuries, and he would not Physically examine the Plaintiff For his Internal injuries Suffered due to a Violent assault on 12/24/13 by 2 other inmates. Plaintiff was in Pain and they medical did not care at all.

17- Plaintiff's medical information regarding his Painful Condition: Acute onset Right lumbar and buttock Pain radiating down Posterior right leg to Foot. He was unable to bear weight or move leg so he was sent to the University Physicians Healthcare-Emergency Room 10/20/11.

18- Plaintiff returned with Dx Sciatica, herniated intervertebral disc lumbosacral. Pain Persists down Post lateral thigh, of calf, and lateral Foot. Exhibit-A.

19- Plaintiff was treated today 10/20/2011, time 18:18, by : Eric Chase MD-R. Vanessa, Nikki Vasconcellos MD-R. At University of Arizona medical Center-Tucson, Arizona.

20- Def. Tucker, knows of Plaintiff's medical Problems through his medical Files and he disregarded an excessive risk to his health and Pain and Suffering.

21- Plaintiff has been Submitting Numerous Health Needs Request to have his Prescription For Gabapenting and tramadol renew, or to give him a Surgery Procedure to alleviate his excruciating Pain most consistent with a Severe active right lumbosacral Polyradiculo-Pathy involving Predominantly the L-5 Nerve root and to a lesser degrees the S-1 Nerve root, there was also No activation of Certain Muscles in the L-5 distribution. At Tucson complex medical. At Yuma Complex medical. At Lewis-Buckeye complex med-ical. At Winslow Complex medical. At Florence Complex medical. At Phoenix-Central office to No Avail- With No Success. Def. Ryan, State wide.

22- Plaintiff has also requested to be seen by the Neurologist once again if All Defs. do Not believe the Plaintiff. His request has been ignored by All Providers later to be mentioned on this complaint.

23- Nurse Bundushi, on 12-26-13, told Plaintiff to Submit a Health Needs Request to be seen by the Provider and For Pain management medication. Plaintiff comply with his recommendation.

24- Plaintiff Health Needs Request read as Follows: 12/26/2013. P.m. today I was assaulted by 2 I/m's, injuring my motor Nerve leaving my Spine. Severe Rt. L-5 radicula Pathy, moderate Rt-S-1, radicula Pathy. By kicking it, And of Surgeries in Right hand. Swollen. I am in Excrutiating Pain. I Can't Feel my lower leg-more Numb than 12/24/2013.

25- Plaintiff sent the Health Needs Request Under "Emergency Status" so he could be seen as Soonest Possible, by Def. Tucker, Plaintiff was sent to Steiner Detention Unit- B-15. Lewis Complex-Buckeye. To No Avail.

26- Plaintiff was and Continuous to be in Pain and Suffering unnecessary due to medical NOT Seeing him in a timely manner For his Painful Condition-He Proceeded to File his Inmate Informal Complaint Resolution Monday, 1/06/2014.

27- Def. Luen, is legally responsible to review, Process all Inmate Complaints at the Steiner detention Unit. He's responsible For the Welfare of all Inmates Under his Supervision.

28- Def. Morales, is legally responsible to review, Process all medical Inmate complaints at the Steiner Detention Unit, and responsible For the Health of all Inmates.

4-A.

Continuation Count II.

29- Plaintiff sent the Inmate Informal Complaint Resolution To Def. Even, and Def. Morales.

30- "I am attempting to informally resolve the following problem."

31- I need medical treatment for a painful, harmful condition.

32- On thursday, December 26, 2013, I was physically assaulted by two inmates. I was repeatedly kicked on my head, face, left ear, right shoulder, right hand, and lower right backside. Witness by E.O. II Manalla & Sgt. Kehmetscher.

33- I am suffering from severe headaches. Deviated Septum. Ear Flowered and a severe loud Non-stop ringing. Kick burns on my right arm, adding more injury to my surgically repaired tendons and cartilage of the right shoulder 1/13/2012.

34- Adding more injury to my broken right hand, surgically repaired 3-times, last one 8/01/2013, and sensory nerve injury diagnosed 11/27/2011.

35- Adding more injury to my severe pinched Sciatic nerve leaving my spine.

36- the Electromyography and Nerve conduction studies showed evidence most consistent with a severe active right lumbosacral polyradiculopathy involving predominantly the L-5 nerve root and to a lesser degree the S-1 nerve root. there was no activation of certain muscles in the L-5 distribution.

37- I was treated by Nurse Bundushi. he only witness the external injuries not the internal ones 12/26/13. I was told to submit an H.N.R. regarding pain I comply same date. Status Emergency. Attached. Pain management expired 12/18/13. Request for renewal 12/18/13. Attached. Non-Formulary drug request for severe Rt-L-5 radiculopathy, and moderate Rt. S-1 radiculopathy. Chronic shoulder & hand pain 12/24/2012. Attached.

38- My physical problems never healed properly. No Physical therapy provided.

39- If unable to resolve please send me 3-grievance forms & supplements.

40- 3-Pages attached per policy D.O. 802.02, section 1, 2.

41- thank you for your prompt response.

42- Plaintiff received No response from Def. Even, or Def. Morales. Regarding his medical issues.

43- Plaintiff proceeded to the next step-Inmate Grievance Process. It was received by C.O. II S. George badge number 4150. Date 2/5/14.

44- To: C.O.III Theodora, Grievance Coordinator, at Stiner detention Unit. He's legally responsible to Review, Process, and log in, issue Case Number to all Inmate grievances. To Def. Brenda Rojas.

45- Plaintiff's Description of Grievance: "Per Policy I addressed this with L.P.N. Budunshi, P.A. tucker who is in charge of medical. I then submitted an Informal resolution attempt to my assigned E.O. III Even/Nursing Super. Morales. Neither received my issue, within 15 working days, I submit the following grievance. Victim of Violent Incident."

46- Plaintiff reallege and incorporate by refence Paragraphs 36- 46. In his Inmate Grievance medical.

47- Plaintiff's request to Def. Rojas Proposed Resolution is " I should not pay for injuries-medical visits due to other Inm's caused on me. they should pay for all visits. I must be refer to Specialists. Review my Pain management meds. Gabapentin 600 mgs-caps-3x's daily. For Nerve Problems. Tramadol 100 mgs-tbs. 3x's daily. For chronic pains. I am in excrutiating pain. Or Provide me with a notice of claim.

48- Plaintiff waited for the Def. Rojas response Case Number LO2-002-014. No response

49- Prior to submitting the Plaintiff's grievance to Def. Rojas, He submitted an Inmate letter asking for her help. IT reads as follows: IT was dated wednesday 1/15/14.

50- Ms. I am having an issue and I would like for you to solve it.

51- I need medical treatment for a painful, harmful condition.

52- On thursday, Dec. 26, 2013, I was physically assaulted by two inmates at Morey Unit.

53- I was repeatedly kicked on my head, face, nose, left ear, right arm, right hand, right shoulder, and lower right back side.

54- Complex medical staff Nurse Budunshi & Provider tucker only treated my external injuries. Close to an hour, they did not do a follow up for any of my internal injuries.

55- Since the assault I have had severe headaches that I can not fully go to sleep. I need to see a head specialist.

56- I am suffering now from a deviated septum, adding more injury. I need to see a nose specialist.

57- My left ear was flowered and now I am suffering from a severe loud Non-stop ringing. I need to see an ear specialist.

4-B.

Continuation Count 11.

58= Kick burns on my right arm, adding more injury to my sensory nerve injury. Pain radiating from my elbow to my surgically repaired right hand. I need to see a hand specialist, nerve chronic pain long standing. Adding more injury to my broken right hand, surgically repaired 3-times, last one 8/1/13. I need to see a hand specialist. Chronic pain long standing.

59- Adding more injury to my surgically repaired right shoulder-torn ligaments and torn cartilage, chronic pain long standing. I need to see a torn tendons & cartilage specialist.

60- Adding more injury to my major nerve leaving my spine-L-5, S-1, pain radiating from backside to my right foot, there's no activation of certain muscles in my leg & foot. I need to see a nerve specialist. Chronic pain long standing. My pain management meds expired 12/19/13. Request for renewal 12/18/13, at Manzanita Health Unit, this has not happened. I had asked Nurse Budunshi regarding my pain management renewal. He stated submit an H.N.R. I comply 12/26/13, under emergency. Nothing yet.

61- I am in excruciating pain. My nerve pain management med. Gabapentin 600 mgs. 3x's daily, and for chronic pain management Tramadal 100 mgs. 3x's daily was reduced or terminated without explanation. My electromyography and nerve conduction studies dated 2/6/12 on file.

62- Nurse Budunshi, said he could not find it within my file.

63- Please investigate and thank you for your prompt response.

64- Def. Rojas, on 2/4/14, responded to Plaintiff's inmate letter dated 1/16/2014, stating the following. Clinical decisions and actions regarding health care services provided to you are the sole responsibility of qualified health care professionals.

65- Def. Rojas's response was deliberately indifferent-for not referring the Plaintiff to be seen by specialists. Def. Rojas, also said if you have any concerns/issues that were not addressed or if you are experiencing signs/symptoms please submit a health needs request directly to your unit nursing staff for scheduling.

66- Plaintiff comply with her recommendation. Plaintiff submitted the following health needs request to medical regarding the injuries he sustained 12/26/13. Health needs request sent in 2/04/14:

67- No follow up for internal injuries. On 12/26/13, I was the victim of violent incident by two inmates. I was repeatedly kicked on my head. I am suffering now from severe head aches. I can't get a good nights sleep. I need to see a headaches specialist. Before prescribing any pain medication- please see my aller94 chart issues. Per B. Rojas, FHA 1/29/14. I should not have to pay for medical due to    the injuries inflicted by other I/ms. they sould be paying for all medical bills.

68- No follow up for internal injuries. On 12/26/13, I was the victim of violent incident by two inmates. I was repeatedly kicked on my face. Nose I am suffering from a deviated septum-I can't breath properly. I need to see a nose specialist. Per B. Rojas FHA. 1/29/14. I should not have to pay for this medical visits since injuries were inflicted by other I/ms. they should pay for everything. All medical bills.

69- No follow up for internal injuries. On 12-26-13. I was the victim of violent incident by two inmates. I was repeatedly kicked on my left ear was flowing and now I am suffering internal stabbing pain, coupled with severe non-stop loud internal ringing-problems hearing. Delayed deterioration from repeated blows like a boxer. I need to see an ear specialist. Per B. Rojas, FHA. 1-29-14. I should not have to pay for medical visits due to injuries inflicted by other I/ms. they sould be paying for all medical bills.

70- No follow up for internal injuries. On 12/26/13, I was the victim of violent incident by two inmates. I was repeatedly kicked on my surgically repaired-3x's right hand in my attempt to cover my head & avoid further damage. Adding more injury to my severly sensory nerve injury & broken hand. pain radiating from hand to elbow. I need to see a hand, nerve injury specialist. Per B. Rojas. FHA. 1/29/14. I should not have to pay for medical bills, due to injuries inflicted by other I/ms' they should be paying for all medical bills.

4- C.

Continuation Count 11.

71- No follow up for internal injuries. On 12/26/13 I was the victim of violent incident by two inmates. I was repeatedly kicked on my surgically repaired right shoulder, torn ligaments + cartilage. Adding more injury. I am suffering from severe shoulder pain, it needs to be looked at by the specialist. Per B. Rojas, FHA, 1/29/14. I should not have to pay for medical bills. Injuries caused by other inmates. the should be the ones paying for all medical bills.

72- No follow up for internal injuries. On 12/26/13, I was the victim of violent incident by two inmates. I was repeatedly kicked on my lower back right side, aggravating more my major nerve leaving my spine L-5/S-1. I am suffering severe pain radiating from my back, hip, ass into my right foot. Review my electromyography + nerve conduction test studies of 2/6/12. I must have surgery to relieve pressure. Per B. Rojas, FHA. 1/29/14.

73- On 1/26/2014, Plaintiff submitted a Health Needs Request to medical regarding his injuries suffered at the hands by two other inmates. Reading the following: On 12/26/13, I was assaulted by two inmates. they repeatedly kicked me, on my head, ear, face. I am now suffering severe headaches, severe non-stop ringing of my internal ear. left, deviated septum, I need to see a head-aches specialist and others. On 1/23/14, I spoke w/ Prov. Merchant I was instructed to submit a second Health Needs Request. for the same incident of 12/26/13. I'm requesting to be seen as soonest possible. I can't stand this headaches and other pains. Please see my chart on allergies before prescribing pain meds.

74- On 1-23-14, Plaintiff was evaluated by the Provider Def. Merchant. He said also that he could not locate plaintiff's electromyography and nerve conduction test results studies of 2/6/12, and the M.R.I. test results studies of 10/7/12, and the electro stimulation of his spinal cord test results studies of 8/16/13.

75- Plaintiff is submitting his treatment in the Emergency Department at the University of Arizona Medical Center dated 10/20/2011, time 18.18. As exhibit A.

76- Plaintiff is also submitting his Electromyography and Nerve Conduction Test Results studies, date of consultation: 2-6-2012. As exhibit B.

77- Plaintiff wrote an inmate letter to his Case Worker, III, Def. Luen regarding his medical grievances. dated 1-20-14, it reads the following: Mr. Luen, I have an issue and I am hoping you'll solve it. Medical. On 12-10-12, by copy of a letter sent to me by the director Ryan, he stated that he was directing the Florence Complex Site manager to ensure that every future grievance is reviewed, investigated and responded to in a timely manner to prevent any potential delay in care and negative outcomes. this has not happened. Please send me 4-I'm grievance appeals. Mr. Luen, Please review, investigate and respond to in a timely manner to my inmate Informal Complaint Resolution, monday, 1/06/2014. I am suffering needless pain adding more injury to my chronic pains.

78- Plaintiff recieve no response from Def. Luen or Def. Morales, or Def. Rojas to his inmate grievance Case Number L02-002-014.

79- Plaintiff up today has been seen by any provider regarding each of his Health Needs Request individually. The only plan of action by medical staff is "you have been scheduled. with deliberate indifferent to his medical needs.

80- All medical staff and Director Def. Ryan, all are aware, and know of his medical needs and did not pay attention of an excessive risk to Plaintiff's health. In writing and verbally.

81- Plaintiff has been discriminated against Def. Luen. Def. Morales. Def. Rojas. Def. Tucker. Def. Malachinski. Def. Ryan. Def. Pratt with deliberate indifference, they all acted on purpose, and they failed to respond to plaintiff's pain, and medical need and harm caused by the facts of being indifferent in so many ways. Unnecessary and wanton infliction of pain.

82- Nurse Budd Unshi didn't consult with Def. Tucker over the phone and would not physically examine the Plaintiff for his internal injuries suffered due to an I/M-2 assault. Plaintiff was in pain

83- Per Department order 6-9-802 Jim Grievance Procedure (medical) Plaintiff File a Medical Informal Complaint Resolution(s) with Def. Luen. to forward to Def. Morales as designee to prevent any potential delay in care and negative outcomes. Def. Luen did not forward the informal complaint. Def. Morales or designee did not respond

Continuation Count II.

~~To Plaintiff's informal Complaint within his working days.~~

84- Plaintiff Per Policy, Proceed to the Next Stage of the grievance Process §1.11.1 without a response.

85- Def. Theodore, is legally responsible To review, Process all inmate Complaints at Steiner detention Unit. He's responsible for the welfare of all inmates Under his Supervision.

86- Def. Theodore or designee did Not forward Plaintiff's IIm grievance in a timely manner to Def. Ro Jas to Prevent any Potential delay in Care and Negative outcomes. Def-Ro Jas did Not Invest Igate Plaintiff's Medical Complaint thoroughly as required Per Policy. with in 15 work days. Def. Ro Jas did Not Follow Protocol.

87- Def. Ro Jas, stated if Plaintiff's experiencing signs/symptoms. Please submit an H.N.R. Health Needs request directly to your Nursing staff for scheduling Plaintiff Comply on 2-9-14.

88- While Plaintiff was housed in at Stiner Detention Unit. He submitted Six H.N.R.'s to the Nursing staff of the Same Unit. that he was in Pain and Needed to be seen by Several Specialists. their response in writing was " you have been scheduled on 7/25/14". Plaintiff was evaluated by Def. Tucker on 7/28/14. He did Not review Properly Plaintiff's medical File Volume eleven. Regarding Plaintiff's electromyography & Nerve Conduction test results Studies For ~~of~~ 2-6-12, or his M.R.I. Test results studies ~~For~~ of 10-7-12, or his electro stimulation, For ~~or~~ his Spinal Cord test results studies For ~~of~~ 8-16-13, to appropriately recommend Pain Management medication to the administrative staff at the Central office. For review For ~~of~~ the request ~~of For~~ Non-Formulary medication drug request.

89- Def. Tucker, also did Not review Plaintiff's H.N.R.s Six in total ~~six.~~ that he Submitted on 2-9-14. Recommended by ~~by~~ Def. Tucker's Supervisor Def. Ro Jas. 1-29-14. Def. Tucker, wanted to give the Plaintiff, IBUProfen. He's allergic to it. Aspirin-Itching. Demoral-Hives, Tylenol-3.Itching. Tolecting-Itching. PaperTape-Rash-Itching. And others are within Plaintiff's Medical File.

90- ~~Plaintiff was transfer to Buckley Unit- Buckeye, AZ.~~

91- Plaintiff was evaluated by Def. Malachinski on May 28 2014. He stated that the Plaintiff does Not have a Sciatica, Herniated disc. by Cori Son medical staff. up to this date. Nor his New housing Unit Nursing staff of Buckley. Plaintiff told Def. Malachinski he was in Pain.

92- Def. Tucker. Def. Ro Jas. Def. Malachinski. Def. Ryan. Def. Pratt, Failed to Create an effective tracking and Scheduling system For Health Care appointments of/and of Prison medical records at the Lewis, medical Complex.

93- Plaintiff IS and has been Suffering unecessary mental anguish and Pain.

94- Plaintiff has been Suffering Several health issues For over 3 years all on File. ONgoing Pain.

95- ON 1-23-14, Plaintiff was evaluated by Def. Merchant, did Not review Properly either the Plaintiff's medical File-Volume eleven his electromyography & Nerve Conduction test results studies ~~of~~ For 2-6-12. or his M.R.I. test results studies of For 10-7-12, or his electro stimulation of his Spinal Cord test Results studies of For 8-16-13, so he Could to appropriately recommend Pain Management Medication to the Pain Management Committee. to the administrative medical staff at the Central office For review ~~of~~ For the request ~~of~~ For Non-Formulary medication drug request.

96- Plaintiff told Def. merchant that he was in excrutiating Pain. that he Needed Pain Medication. He stated that he Could Not locate all test results studies in Plaintiff's Medical File.

97- Plaintiff Continuously keeps on begging through Numerous H.N.R.s to the Nursing staff at Steiner Helth Unit. at Marcy Health Unit at Buckley Health Unit that he's on Pain and would like to know when he's going to have an outside Consult to have a Pain evaluation appointment.

98- Nursing, medical staff refuses to have Plaintiff be Seen by an Specialist For any of his Medical, Physical issues.

99- Plaintiff has been trying to get Surgery on to block Painful Root Nerves of his right leg. there is a lot of Facts in writing H.N.R.s through out the State of Arizona. For No reason Denying the Plaintiff Pain Management and Surgery. Defs. For some reason want the Plaintiff to Keep Suffering Pain Needlessly. State wide.

100- Nursing staff keeps telling the Plaintiff that he's been Scheduled and will be Called during Ors. line. But this has been going on Since 2-25-14. state wide.

4-E.

CONTINUATION I COUNT II.

101- Plaintiff has been asking Def. Tucker, Def. Merchant, Def. Rojas, Def. Molachinski, for an appropiate diagnostic testing for each one of his injuries to determined the damage he has suffered, sustained on 12-26-13. Plaintiffs request has fallen on deaf ears, they are indifferent to his serious medical needs

102- Since Plaintiff Lan not receive appropriate medical treatment for his injuries sustained 12-26-13. Plaintiff has filed his medical IIm grievance appeal to the Def. Director Charles L. Ryan, and Richard Pratt Director of health services. No formal Response received. the Plaintiff needs pain medication and needs needed to be seen by several specialists for injuries inflicted by two other inmates.

103- Plaintiffs medical IIm grievance appeal number L02-002-014. was Denied 5-27-14.

104- Def. Ryan, stated in his response that Plaintiff has been seen several times by medical staff. Not entirely true. Plaintiff was diagnosed with sciatica. Herniated inter vertebral disc lumbosacral. Consults were ordered for pain clinic and Neuro surgery. they never materialised and Plaintiff has been in constant on going pain. 24-7 Plaintiff is 56 years. He does not want to end up in a wheel chair.

105- Def. Ryan, states also that Plaintiff was placed on various medications for pain management. He fails to provide the dates that this medications were prescribed and the reasons they were refused No Prosyn, Robaxin, Pamelor, Effexoy. Plaintiff has issues with this medications due to Negative behavioral changes. Plaintiff feels more comfortable and it helps put his on going pain - GabaPentin 900 mgs. caps. 2x's daily and tramadol 300 mgs. tabs. 2x's daily, which was denied. Yet, Def. Ryan, did not say why they were denied. And medical keeps on giving the Plaintiff mood enhancers which has nothing to do with pain. He fail to give reasons as to why they keep doing this to the Plaintiff.

106- Plaintiff keeps telling medical staff that he's having side effects with Alfa lipioc Acid - swollen of the Gums biting them when eating and severe cramping of the right leg - reasons for the refusa

107- Plaintiffs medical grievance appeals is not being addressed by Def. Ryan, in regards to:

108- Plaintiff was the victim of violent incident by 2-IIms. Repeatedly kicked on his head. Now suffering from severe headaches. Plaintiff needs to be seen by a headaches specialist. He was never evaluated by medical at all by any of the Defendants.

109- Plaintiff was the victim of violent incident by 2-IIms. Repeatedly kicked on his face, Nose, Now he's suffering from a deviated septum, adding more injury. He can't breath properly. Plaintiff needs to be seen by a Nose specialist. He was never evaluated by medical at all.

110- Plaintiff was the victim of violent incident by 2-IIms. Repeatedly kicked on his left ear was flowered and now he's suffering internal stabbing pain, coupled with severe Non-stop loud internal ringing - Problems hearing Now. Delayed deterioration from repeated blows like a boxer. Plaintiff needs to be seen by an ear specialist. He was evaluated by P.A. Endes.

111- Plaintiff was the victim of violent incident by 2-IIms. Repeatedly kicked on his surgically repaired right hand 3 times. In his attempt to cover his head and face to avoid further damage. Causing more injury to his already severly sensory Nerve injury + broken hand. Pain radiating from hand into his elbow. Plaintiff needs to be seen by a Nerve specialist. He was not evaluated by medical at all.

112- Plaintiff was the victim of violent incident by 2-IIms. Repeatedly kicked on his surgically repaired right shoulder. Torn ligaments + cartilage. adding more injury. He's suffering from a severe shoulder pain. Plaintiff needs to be seen by the surgeon who perform the surgery. Dr. Phillips. He was never evaluated by medical staff at all.

113- Plaintiff was the victim of violent incident by 2-IIms. Repeatedly kicked on his lower back right side adding more injury to his sciatica. Herniated inter vertebral disc, lumbosacral. his major Nerve leaving his spine L-5 & S-1. He's suffering severe pain radiating from his back, hip, into his right feet. Defs. on purpose did not review his electromyography & Nerve conducti on test Results studies for 2-6-12. All the facts are on their hands. Plaintiff must have surgery to relieve pressure off Nerves L-5 & S-1. Add pain medication to stop his suffering. Exhibits - A - B.

114- Def. Ryan, intentionally is denying, delaying and interfering with medical treatment and by the way prison doctor's respond to the Plaintiffs' medical needs. Deliberate indifference

115- Plaintiffs' internal injuries have not been properly attended to.

118- Plaintiff believes that if his herniated disc is not properly attended to. He fears He might end up in a wheel chair for the rest of his life. He's 56 years old.

119- All defendants are sued in his/her individual capacity and official capacity. All defendants were acting under the color of state law as employees of the Arizona department of Corrections. Jointly or separatly as it best applies to each and all defendants.

4-F.

## COUNT III.

1. 8th AMENDMENT OF the U.S. CONSTITUTION.

2. Medical Care. medical Grivance Appeal: Case No. W02-051-012.

3. Supporting Facts.

1 - On 10-15-11, Plaintiff developed right hip Pain that was mild initially. His Pain significantly increased, this was Primarily located in the right hip, buttock area with Pain radiating down into the right foot.

2 - Plaintiff told C.O. II Wendus, Floor officer, that he was in Pain and Needs to be seen by medical.

3 - Plaintiff asked him more than once starting at 7:30 P.M. TO Over 9 P.M. C.O. II Wendus, call the Yard office at Cimarron Unit. He said there is No medical staff at this time. ~~On Wednesday, 10-19, 2011, Per Department Order CDD 802, the Grievance Procedure (medical) Plaintiff file a medical Informal complaint Resolution with Def. stark to forward to Def. Miller or designee to Prevent any Potential delay in Care and negative outcomes. Plaintiff complaining that he is in excrutiating Pain.~~

4 - Plaintiff was left with excrutiating Pain and to suffer needlessly. Prison incident report written up. ~~Def. stark did not forward the informal complaint of Def. Miller or designee disnt respond to Plaintiff's Informal complaint within 15 working days. As is required Per Policy at Yuma complex nor seen.~~

5 - When Graveyard shift staff started doing his walks Plaintiff told him that he was in serious Pain and Needed to go to medical or to talk to the shift commander on duty. ~~Per Policy, Plaintiff Proceed to the Next stage without a response of the Grievance Process stated.~~

6 - Sgt. Nettles came and spoke with Plaintiff he told him he was in excrutiating Pain and that he Needs to be seen by medical as soon as Possible. He wrote a Prison incident report about it. Plaintiff was throwing up, dizzy, sweating Profusely. He left To Call West Medical-Tucson Complex. ~~Plaintiff file his medical IIm grievance with Def. Barrera. Plaintiff beg the Def. For Proper Pain medication Plaintiff was in agony for Plaintiff's Pinch Sciatic Nerve of the right leg. at Winslow.~~

7 - Sgt. Nettles called West Medical Twice until the agree to see the Plaintiff. ~~Plaintiff received No Response to his medical IIm Grievance e by Def. Barrera, Nor Def. stowell. Plaintiff continues to be in excrutiating Pain. medication increased for the time being until Plaintiff's repeat cter surgery is approved by Central office.~~

8 - Plaintiff was in so much Pain, he could NOT stand up on his own, much less work. Sgt. Nettles, had to locate a wheelchair To get him out of the building and into the transportation van. ~~Per Policy, Plaintiff to the Next stage, without a response of the grievance Process § 1-11-1 medical IIm grievance appeal to the director Ryan. Division Director of Health Services.~~

9 - Plaintiff's Pain was so bad that any small bump on the wheelchair the Pain was so excrutiating. Once ready to board the transportation van - transportation staff Valencia and trevisto attempted to assist the Plaintiff to get into the van but it was not Possible, the Pain was so intense that he had to do it on his own, any other help it only made it worse - the Pain. It took him about 15 to 25 minutes to get into the van. Painfully but he finally made it. Sliding in. ~~Def. Ryan, and Def. Pratt, with deliberate indifference to serious medical Needs did not review Plaintiff's out side consult request Nov. 8, 2011 of 8/6/12. right lumbar-5, severe radiculopathy pinched both muscles, sensory Nerve. And Sacral-1, less severe radiculopathy- Pinched sensory Nerve only.~~

4. INJURY.
Sciatica. Herniated intervertebral Disc lumbosacral. Did not Provide the Plaintiff with the risk management Paperwork to file against the state for his injuries sustained, and Pain and suffering.

5. Administrative Remedies.
   a. Yes.
   b. Yes.
   c. Yes.

## Continuation Count III.

10- E.O.II Valencia and Treviño, Could see that the Plaintiff was in excruciating pain during transportation to West Medical. E.O.II Valencia, told him to breath in and out to alleviate the pain. To no avail. Provider Lewis on 01/04/13, ordered the following consults to alleviate Plaintiff's ongoing pain:
1- MRI lumbar spine Conducted 04/7/13. 8 months later.
2- Pain Clinic- For Possible Nerve root block or epidural steroid injections, this was denied by the Def. Ryan and.
3- Nerve Surgery to evaluate if surgery needed to remove pressure off Nerves (L-5 t S-1) is a treatment option, this was also denied by the Def. Ryan and Pratt. the Defs. Response was deliberately indifferent up to today.

11- Plaintiff finally arrived at West Medical, it took him about 20 minutes to slide out of the van into the wheelchair. Nurse present to witness Plaintiff's struggles in getting out the van. Plaintiff also on 10/2014, was diagnosed with Sciatica, Herniated Intervertebral Disc, Lumbosacral, treated by Eric these no-R. Prescription Oxycodone 5 mg. tablet. Denied by Medical-prison staff.

12- Plaintiff was wheeled into the health unit-Where his vitols were taken.
Plaintiff's Gabapentin and tramadol discontinue by Def. Ryan and Pratt and Corizon medical committee at Central office Phoenix, with deliberate indifference to Plaintiff's serious medical needs.

13- Plaintiff once inside he was evaluated by Def. Rioochi, Registered Nurse, asked what was the Problem.?
Plaintiff's blood Pressure has taken to 154/96 due to the pain and medical staff at Buckley refuses to see Plaintiff for his medical issues stemming from 10/26/13, violent assault and pitched Sciatic Nerve.

14- Plaintiff told Def. Rioochi, that out of nowhere started hurting, started mild developing into an excruciating pain, he told him he did not hurt himself, that day, in any way whatsoever.
Plaintiff has been begging through multiple H.N.R.'s For Pain management and/or surgery to alleviate his pains, All have been ignored, by Corizon Medical staff, since Plaintiff arrived at the Lewis Buckeye Complex. Providers have not been evaluating Plaintiff appropriately for Pain Management and Central office administrative medical staff. Plaintiff also write to Def. Stephan, she did not investigate with Medical. He was in excruciating pain.

15- Plaintiff told Def. Rioochi, that on 3-31-11, while in the process of boarding the transportation Van-He might pulled some tendons or muscles in the right buttock area or it might be an old gunshot wound. Plaintiff did not know for sure what was going on with his right leg. He was guessing- He's not a doctor.
Plaintiff believes that by filing this Civil Rights Lawsuit with the Court and Def. Ryan and Def. Pratt partially upholding his medical grievance appeal they all come together and give Plaintiff his pain management medications and Surgery and compensatory damages for his pain and suffering for many years unnecessarily. Plaintiff continues to suffer from constant pain up to this date of his right leg radiating into his right foot. Pursuant to department order 909.09. Property claims (in general).

16- Plaintiff told Def. Rioochi, his medical Problem more than once. He kept tasking over and over the same thing, and Plaintiff kept telling him the same thing over and over again.
Directors investigation showed no evidence that a response to Plaintiff's medical informal resolution complaint of Dakota unit- Yuma, and medical grievance at Kaibab unit- Winslow was issues by medical-staff while Plaintiff was housed at Yuma Complex and Winslow Complex-Not tucson Complex. All on Plaintiff's personal records and Def. Ryan, and Def. Pratt, the Directors investigators have it all wrong 100%.

17- Plaintiff's Face Started itching real bad. He told E.O.II Valencia that he had taken an aspirin for pain. He was allergic to it. But he had no choice but to take it to alleviate his pain. E.O.II Valencia told medical about this allergy reaction to aspirin.
For policy 909.09 claims Def. Anderson and Def. Espinoza, are supposed to Provide Plaintiff with the Sense Management to perform his role against the State when the grievance has been uphold by the directors. For D.O-909.9. they did not.

18- Plaintiff told Def. Rioochi, that he needs something stronger for Pain. Def. Rioochi, said all he could give him is IBU Profen. Plaintiff told him that he's allergic to it also and to lookup his allergies chart. Def. Rioochi did not do it. He left the Plaintiff in pain and suffering with deliberate indifference. He also told him that he's allergic to tylenol. tylenol-3, Demoral to lectin. He had at his disposal-Plaintiff's Computerised Medical File. He refused to go into it.
Plaintiff needs Surgery to relieve some of the pain. Defs. have deny all requested relief Gabapentin for Nerve Injuries, tramadol For all Chronic Pain, this were helping him. Corizon stop them without explanation.

19- Def. Rioochi, did not call the Provider on call and what action he should take regarding Plaintiff's excruciating pain, that was his duty. He fail to follow protocol- with deliberate indifference to a Serious medical needs.

20- Plaintiff numerous times verbally he begged Def. Rioochi, for some kind of relief for his pains and to Please call the Provider on call regarding his pain- But his reply was "Your Pain Complaint is inconsistent with what you are telling me."

5-A.

## Continuation Count III.

21- Plaintiff was really getting frustrated with Def. Rioochi, he really believed that Plaintiff was faking his pain - Yet he refuses to order any kind of follow ups with the Provider at Plaintiffs' unit Limettron. Plaintiff said that he was a Racist against Mexican Nationals in not receiving proper medical care.

22- Plaintiff was getting nowhere with Def. Rioochi, for almost an hour, he told Co II Valencia and treuino to take him back to his unit - Plaintiff believe that by talking to Def. Rioochi was useless, if he has not giving him any kind of relief for his pain or calling the Provider on call, Not - there was no reason to continue talking to Def. Rioochi. It is useless any kind of beggings.

23- Transportation staff C.o II Valencia and treuino drove the Plaintiff back to his unit - and both sides were very painful. C.o II Valencia and treuino, wrote up a Prison Incident Report - as to what transpire to and back from medical and Plaintiff.

24- On Monday, 10-17-11, Plaintiffs' entire building was being searched by Prison staff. He was in so much pain that he asked Sgt. Kaplowitch, he needs to be seen by medical due to Right leg from hip to his foot - Feels Semi-Paralysed. the Sgt. initiated a medical response. Nurse Anderson, responded to the medical response. All she said "You are on the drs. line to be seen." She saw that Plaintiff was in pain - and she did nothing to help him out at all. She knew he was in pain since Sunday.

25- On Tuesday, 10-18-11, Plaintiff was in so much pain that he could not stand it any longer - He asked two other inmates to help him go to medical - due to he is in excutiating pain. He could not stand up on his own much less walk. Painful movements with sweating Profusely. Def. Jacrone, interfere with medical treatment for the Plaintiff. He saw that he was in real pain and he was also sweating Profusely due to the pain. He also stoped the other 2 - inmates from holding him to get to medical to be treated and seen by the Provider. Lt. Johnson. Sgt. Hedgwood. C.o II Munguia, C.o II Balaz C.o II luke Present. also C.o II Espinoza. A staff member called medical - and Nurse Anderson, came down to verify the condition Plaintiff was in. A Prison Incident Report written by staff.

26- Nurse Anderson, told Sgt. Hedgwood to take the Plaintiff back to his cell, not medical. C.o II luke and Sgt. Hedgwood, had to carry Plaintiff back to his house 1-B-8. where Nurse Anderson administered a shot of Kenalog 85 mg. for pain and nauseas. It did not helped the Plaintiff at all.

27- On thursday, 10-20-11, Plaintiff was evaluated by Provider lewis, he examined the Plaintiff's right leg and he concluded that Plaintiff has to go to the Emergency department at the University of Arizona medical center - tucson. Offsite medical Run. Plaintiff was treated by Eric Ehese MD-R. Vanessa, and Nikki Vasconcellos MD-R. their Discharge Diagnosis is : Sciatica, Herniated Inter Vertebral Disc, lumbosacral.   Exhibit - A.

28- On Friday, 11-18-11, Plaintiff needed help to get to medical, his cellmate was helping him to steady him-self while he walks. But Sgt. Sway, threatened the Plaintiff with disciplinary action if anyone helped the Plaintiff to move around. He Filed a formal complaint with the Associate Deputy warden Ochoa, but it did no good - but retaliation against the Plaintiff. He could not get help to go to medical thanks to Sgt. Sway. Plaintiff returned back to his cell.

29- Plaintiff was never evaluated by a Specialist regarding his Herniated disc. He was left to suffer in pain unnecessarily - Prison medical staff know through written reports by and from medical Doctors from the University of Arizona medical center - that he's suffering from a Herniated disc which they consider a serious medical need and they failed to treat the Plaintiffs condition and resulted in further significant injury and the unecessary and their wanton to inflict pain by not providing pain management medication, their responses was deliberately Indifferent.

30- Plaintiff through many Health Needs Request, he continued requesting surgery for his Herniated disc. Medical Plans of action was " You have been scheduled to see the Provider."

31- Plaintiff for several months told medical staff through Health Needs Request that he's in pain and needs pain medication and surgery for his right leg - Herniated disc. They ignored the Plaintiffs pleas for help.   Exhibit - A.

32- On Monday, 2-6-12, Plaintiff is finally believed that he really needs medical help. He was sent off site medical to have done on his right leg an electromyography and Nerve conduction test.

33- the Plaintiff was told that he has a severe active right lumbosacral Polyradiculopathy involving predominantly the L-5 Nerve root and to a lesser degrees the S-1 Nerve root; that there was no activation of certain muscles in the L-5 distribution. that there is also the severity of his weakness and the continued denervation seen on the electromyography testing, by M.D. Jonathan McKinnon.   Exhibit - B.

## Continuation Count III.

34- On Friday, 2-24-12, Provider lewis, Prescribes morphine for the Plaintiff after reading the written information regarding his electromyography and Nerve Conduction test results studies for 2-6-12. Nurse Romo Present as a witness for the signing of the waiver.

35- Provider lewis, after the reading he also ordered Consults for the following as soonest Possible.
1) M.R.I. lumbar spine.
2) Pain Clinic - For Possible Nerve root block or epidural steroid injection.
3) Neuro-Surgery - To evaluate if Surgery To remove Pressure off Nerves L-5 and S-1 is a treatment option.    Exhibit-E.

36- Plaintiff has been in excruciating Pain due to the Pressure on Nerves L-5 and S-1.

37- Plaintiff has been requesting surgery for them and Pain medication - Surgery denied - it looks like it and Pain management discontinued with deliberate indifference to a serious medical Needs. Plaintiff may end up in a wheel chair for their indifference. To a Pain Clinic and the Neuro-surgery Consults.

38- On Sunday, 3-11-12, Plaintiff was severely physically assaulted by two other Inmates. Adding more injury to his already existing medical issues and not attended Probly by Prison medical staff.

39- On Monday, 3-12-12, Plaintiff was transfer to Manzanita Detention Unit-Tucson Complex.

40- Plaintiff submitted Numerous health Needs request to medical that he's in Pain and Needs to be seen by an specialist. hand, shoulder, Pinched Sciatica Nerve. Herniated disc. their Place of action " You have been scheduled." No specialist saw any of the Plaintiffs medical Problems at all.

41- On Thursday, 4-5-12, Plaintiff was transfer to Morey Unit-lewis Complex-Buckeye. And Detention Unit.

42- Plaintiff Submitted many Health Needs Request that he was in Pain and Needed Surgery to repair his Pinched Sciatica Nerve, that the Needs to speak with the Provider. their response was " You have been scheduled". He Never spoke with the Provider at all. He was left in Pain and to suffer Needlessly. their response was deliberately Indifferent.

43- On Wednesday, 4-18-12, Plaintiff submitted a Health Needs Request to medical-Urgent. 3rd H.N.R. Wanting to see the dr. about meds. to expire and want to start New treatment on morphine. For Pain. dated 2-24-12. " You have been scheduled." Plaintiff was Not evaluated by medical at all.

44- On Monday, 4-23-12, Plaintiff submitted a Health Needs request to Renew Prescription for Nerve Pain major nerve leaving spine. expires 5-17-12. No Reply or evaluated by medical.

45- On Monday, 5-7-12, Plaintiff was transfer to Dakota Unit-Yuma Complex. Tues.Day, 5.8.13, taken to Dakota Detention Unit

46- Plaintiff while in Dakota Detention Unit-Submitted many Health Needs request to be seen by medical regarding his Herniated disc., Pinched Sciatica Nerve. Medical was aware of Plaintiffs request to be seen about his Pain issues and surgery requests-Only to be told, in many of them in writing " You have been scheduled." but Never to be seen by medical. then or before.

47- Plaintiff Finally got Frustrated with Medical-For Not seeing him at several Prison Units. On Wednesday, May 16, 2012, He files an Inmate Informal attempt at Resolution-medical and why is Plaintiff being discriminated against. ?

48- the Informal attempt at Resolution is filed with Def. Stark and Def. miller, stating in it that since Sunday, 10-16-11, Plaintiff has experienced deliberate indifference to a serious medical Needs.....that he is in excruciating Pain.

49- Plaintiff received No Response from Def. Stark or Def. miller. Nor medical staff bother to evaluate him at all. Even though he submitted Many Health Needs Request to medical, they all were aware through written requests to medical that he Needs to be seen.

50- On Wednesday, 5-30-12, Plaintiff was Transfer to Cheyenne Detention Unit-Yuma Complex in retaliation for filing a medical Informal attempt at Resolution, in Not receiving Proper medical Care to his serious medical Needs with deliberate indifference.

51- On Saturday, 6-2-12, Plaintiffs blood Pressure skyrocketed due to the Pain. He let the Officers know and call the Nurse On Call. She was Sort of Upset-believing that Plaintiff is lying. She took the blood Pressure and Yes, it was high. she calm down when she saw that he was telling the truth.

52- Plaintiff also let his Case worker Lonnell that the Needs medical attention and he's in serious Pain and medical for some reason does Not want to see or evaluate him for his Pain or Surgery. Instead of getting medical Care He was left in Pain and to suffer Needlessly in Pain.

53- On Monday, 6-18-13, Plaintiff was transfer to Winslow Complex-for Complaining that medical's Not taking Care of Plaintiff with adequate medical Care and he is in Pain day and Night.

*Continuation Count III.*

54- ON Tuesday, 6-19-13, Plaintiff asked his Case Worker Curtis To Check on his Medical informal attempt at resolution. He Never got in touch with Plaintiff on his medical grievances at Kaibab Detention Unit-Winslow. Plaintiff Told him that he really is in Pain and Needs Surgery.

55- ON Monday, 6-25-12, Plaintiff was evoluated by N.P. Shelby and refer Plaintiff To medical Committee regarding his Pain-sent to Phoenix Central Office. For Pain medication.

56- ON Wednesday, 6-27-12, Plaintiff received his Pain medication Tramadol For his Chronic Pains. Right leg, hand, and shoulder. Gabapentin For Nerve Pain-Right leg, Foot, shin.

57- ON Tuesday, 7-03-12, Plaintiff had an appointment with the dr. IT was Cancelled. Nutin.

58- ON Friday, 7-06-12, Plaintiff taken For an Offsite medical For X-Rays Right Shoulder-Chronic Pain at Winslow little Colorado medical Center.

59- ON Tuesday, July 10, 2012, Plaintiff Filed his medical Grievance with C. Coo. Barrera. stating he Never received a response to his informal attempt at resolution medical at Dakota medical Unit-Yuma Complex. they ignored many Health Needs Request For medical attention on his right leg and that he's in excrutiating Pain. No Formal Response to it.

60- Plaintiff requests surgery From medical in his medical inmate grievance, and he has been denied proper medical attention- Many Health Needs Requests sent to several Prison Units Health Units- all have been ignored-All are aware of his serious medical Needs.

70- ON Thursday, 7-19-12, Plaintiff taken to an Offsite medical in N-Winslow hospital- evaluation For broken right hand, pinched Sciatica Nerve, torn tendons & Cartilage right shoulder by Dr. Stewart.

71- ON Friday, 7-20-12, Dr. Gibbna, evaluated Plaintiff and read his medical File and reports From several drs. and he increard his Nerve Pain GabaPentin From 300 mgs. caps. to 400 mgs. Caps. 3X's daily.

72- ON Monday, 9-10-12, Plaintiff spoke with Amy Shumway, LPN, She told Plaintiff all Consults approved. She also said that she will schedule me To see dr. Gibula to increase Nerve Pain medication Gabopentin For Friday.

73- ON Friday, 9-14-12, Dr. Gibula, increased Plaintiff's Gabapentin To 600 mgs. caps. 3X's daily For Nerve Pain manage-ment For his Right leg.

74- ON Sunday, 10-07-12, Plaintiff was Taken to Hospital at Winslow, Radiology, M.R.I. lumbar Spine done by Diana, also CT-scan For hand. Plaintiff still having Painful symptoms and Severely limping-Right leg.

75- Plaintiff File his inmate Grievance Appeal to Division Director of Health Services-Phoenix Office. Def. Greely and Def. Stowell, did Not respond to Plaintiff's medical grievance Case # W02-031-012. Plaintiff is in excrutiating Pain and Needs surgery. Def. Greely, Def. Stowell were aware through many Health Needs Requests sent to them and inmate letters- they were all ignored and Plaintiff still in Pain.

76- ON Monday, 10-15-12, Plaintiff was Transfer to Maximum Custody-Florence Central Unit.

77- ON Monday, 10-22-12, Nurse instructed Plaintiff To submit a Health Needs Request to Review his M.R.I. and Chronic Care For hypertension. He comply.

78- ON Monday, 12-03-12, Nurse Tate said the Provider had Cancelled Plaintiff's Nerve Pain medication Gabapentin without explanation. Plaintiff submited many Health Needs request to be seen regarding his Pain on his Herniated disc.

79- ON Sunday, 12-09-12, Plaintiff sent a Health Needs Request to F.H.A. Kendall, regarding his Pain and medical is Not treating it appropriately and Needs Surgery. Def. Kendall, ignored his Plea in writing he was aware of his medical Problem and did Nothing about it. Several Health Needs request.

80- ON Thursday, 12-13-12, Plaintiff spoke with Def. Veck CUVIC, took away Plaintiff's GabaPentin stating that Gabapentin is For diabetes issues. He's wrong, it is For treatment of Nerve Pain. Plaintiff told him that he is in Pain and Needs this Pain medication For his leg. He denied it with deliberate indifference to a serious Painful medical Needs.

81- ON Saturday, 12-15-12, Plaintiff's high blood Pressure sky rocketed. Due to the Pain- He brought this issue with Def. Veck CUVIC. He Never called out the Plaintiff to be evaluated by him once again. Many Health Needs request to medical. Reply "you have been Scheduled." medical is making Plaintiff go through unnecessary Pain.

5-D.

_Continuation Count III._

82- ON 1-06-13, Plaintiff received response from Def. Ryan, to his medical grievance appeal Case No. Wb2-051-012. Def. Ryan, partially Upheld it, Yet, Plaintiff has Not received Surgery Nor risk management Paperwork to File For Plaintiff's Injuries. As is required by state law.

83- Plaintiff in his grievance he's only talking about his herniated disc. No other health issues in his medical grievance. He is in Pain. He asked the director Def. Ryan, that medical is Not Properly Taking care of his serious medical Needs. State wide.

84- Plaintiff is afraid he's going to end up in a wheel chair if his Herniated disc is Not medically taking care of it. Plaintiff is 56 years old. His disc is already affecting his left side. Yet, medical refuses to Provide him with Pain management meditation. He's having Problems walking Now.

85- Plaintiff's high blood Pressure has risen due to his Pain. Serious Whooshing Sounds go through his head when he's in serious Pain. Medical knows Yet, they refused To give him back his high blood Pressure Medication. He has requested Many times for it. State wide.

86- When Plaintiff received his Partially Upheld Medical Grievance. He wrote a Prison Inmate letter To Def. Ryan, that Def. Espinoza, did Not Provide him with the risk management Paperwork To File against the state For his Injuries. dated 1-10-13. He did Not respond.

87- ON Thursday, 12-27-12, Plaintiff sent a Prison Inmate letter to Def. Stephon: "Please explain to me the Access in Order for me to File a Notice of Claim against the state of Arizona."

88- Her Response is: "You can only File a claim with an approved grievance. Signed off by her.

89- Yet, Plaintiff up to today has Not received the said mentioned Paperwork.   **Exhibit-D**

90- ON 1-10-13, Plaintiff wrote a Prison Inmate letter To Def. Espinoza, regarding the Paperwork For risk management. She did Not respond.

91- ON 4-18-13, Plaintiff wrote a Prison Inmate letter To Def. Anderson, regarding the Paperwork For risk management, she did Not respond.

92- ON 6-17-13, Plaintiff wrote a Prison Inmate letter To Def. Stephon, regarding the Paperwork For risk management. She did not respond.

93- ON 1-31-13, Plaintiff was evaluated by R.N. Nurse, he told her that he Needs Treatment For his Herniated disc Pinched sciatic Nerve. She wrote a prescription for tramadol 100 mgs. tbs. 2x's daily for his Pain.

94- ON 4-17-13, Plaintiff was in serious Pain. He told Gave Yard staff C.O. II Blevins, 10:30 Pm. He Needs to see medical. He said medical does Not Want to see you. Plaintiff was in so much Pain. He started acting Up banging on the door. Due to the banging staff suited Up to drag Plaintiff out if he did Not settle down. Lt. Walker, spoke to him, and told him medical is responsible for Not Wanting to see you. Plaintiff did Not wanted to get Pepper sprayed or got beat up. A Prison Incident Report written Up either by C.O. II Blevins or Lt. Walker.

95- ON thursday, 4-25-13, Plaintiff was evaluated by Def. Brower, Nurse Duarte Present. Plaintiff Needed treatment for Pain For his Pinched Sciatic Nerve. He was in Pain he could hardly walk. Plaintiff told him that he wants his Pain management back. He did not approve for Plaintiff's Pain management medication- Gabapentin or tramadol. Plaintiff's test results studies are in his medical Files.   **Exhibits. A-B-E.**

96- ON thursday, 5-16-13, Nurse Shaw brought Plaintiff medication Naproxen For Pain- Plaintiff refused to take it since it is bad For his heart since he suffers from heart Murmur.

97- ON Wednesday, 6-5-13, Plaintiff was evaluated again by Def. Brower, Nurse Duarte Present. Plaintiff asked him For Pain Treatment for his Pinched Sciatic Nerve, Herniated disc. He was in Pain. He could hardly Walk or stand. It was obvious for both medical staff. He did not approve Plaintiff's Pain management medication Gabapentin or tramadol. He's been in Pain and suffering.

98- Since Def. Brower, Kept denying Plaintiff's Pain management medication ON 6-14-13, Plaintiff sent a health Needs Request To Def. Brower, requesting a a second electromyography and Nerve conduction test For his leg since Def. Brower does Not believe him. and verify his medical condition. Therefore to order a referral with deliberate Indifference to a serious medical Needs. Exhibit-B

99- ON 6-20-13, Plaintiff was evaluated by Provider Kessler, Nurse Duarte Present. He asked him For treatment For his Pinched sciatic Nerve, Herniated disc Pain. Lt. issues. He Increased approved his Nerve Pain medication Gabapentin 900 mgs. Caps. 2x's daily.

# Continuation Count III.

100- On 7-29-13, Plaintiff was evaluated by Def. Shroff. Nurse Duarte Present. He told him that he needs Pain treatment for his Pinched Sciatic Nerve, Herniated disc. Plaintiff Needs his Tramadol back. Def. Shroff, did not approve tramadol for Plaintiff's serious medical Needs. Nor why it was being discontinue. Plaintiff was in Pain and Nurse Duarte could see it. He could hardly walk or stand.

101- Instead Def. Shroff, put in for a referal-a Consult for an Electrostimulation for his spinal cord, lower back, Motor Nerve leaving spine, perform by Jounie therapist on 8-16-13.

102- On 8-19-13, Plaintiff spoke with Nurse Duarte, that he was in Pain and Needed to be seen by the dr. She said she's going to try to squeeze me in to see the provider.

103- Plaintiff was seen by Def. Thompson, He told him that Plaintiff Needs treatment for his Pain issues. He told him that it is for his Pinched sciatic Nerve, Herniated disc. Very Painful. Nurse Duarte Present. Def. Thompson, knew like all the previous providers about Plaintiff's complaints about the excessive risk, danger to Plaintiff's Health and they did not Pay attention to such risk. Def. Thompson, did not approve his request for tramadol, but No reason given to the Plaintiff with deliberate indifference, he did not give a reason as to why the discontinuation of Pain medication tramadol and the reduction of Nerve Pain Medication Gabapentin. From 900 mgs. caps. 2x's daily to 600 mgs. caps. 2x's daily. Plaintiff was left in Pain and to suffer Needlessly when relief was readily available. Def. Thompson, said Nothing Wrong with your leg. Exhibits-A-B-C.

104- On 9-12-13, Plaintiff was evaluated again by Def. Brower, Plaintiff told him that he really Needs Pain treatment medical un for his Pinched Sciatic Nerve, Herniated disc. Nurse Duarte Present. Def. Brower, said that the Neurologist found Nothing Wrong with my leg. He denied Plaintiff Pain Management medication Gabapentin for Nerve Pain and tramadol for Chronic Pain, hand, Shoulder. Exhibits-A-B-C.

105- Plaintiff through many HealthNeeds Request for Pain treatment state wide or surgery was not properly attended to. All he ever received was "You have been scheduled" in many of his requests for treatment or surgery to a serious medical Needs. He was left to suffer in in Pain. Plaintiff is having a hard time doing everyday activities, medical staff ignored the Plaintiffs Need for Pain treatment, and stress is seriously affecting the Plaintiff, and mental anguish. Plaintiff is 56 years old and he's afraid to end up in a wheel chair due to the Defs. deliberate indifference to serious medical Needs. Herniated disc. the Pain is not going to go away on it's own. Over 50 HealthNeeds Requests on File with medical. state wide.

106- On 5-28-14, Plaintiff was evaluated by Def. Malachinski, he requested Pain treatment for his Pinched Sciatic Nerve, Herniated disc. Def. Malachinski, said that the read Plaintiff's Electromyography and Nerve Conduction test Results Studies for 2-6-12 and that Plaintiff has no Herniated disc. But the University of Arizona Medical Center Findings Emergency department state otherwise in writing. Exhibits-A-B-C.

107- Def. Malachinski, is making the Plaintiff suffer in Pain by denying him relief with Pain medication to a diagnosed condition by more than three physicians.

108- All defendants are sued in his/her individual capacity and official capacity. All Defendants were acting under the color of state law as employees of the Arizona Department of Corrections. Jointly or separately as it best applies to each and all Defendants.

## COUNT IV.

1. 8th Amendment of the U.S. Constitution.

2. Medical Care. Medical Grievance Appeal: Case No. W02-052-012.

3. Supporting Facts.

1— With deliberate indifference to Plaintiff's safety Def. Badilla, knowingly that Placing Nieto in Plaintiff's Cell was going to lead to Physical violence. He had the Power to Place Nieto in another Cell. To avoid be tween the two any Physical violence He chose Not To, or To Call the shift Commander on duty. At Rast Unit. A Prison incident report written by Def. Badilla.

~~on Wednesday, may 9, 2012. Per Department Order (DO) 802. The Grievance Procedure (medical) Plaintiff File a medical informal Complaint Resolution(s) of his Right broken hand with Def. stark to forward to Def. miller or designee to Prevent any Potential delay in Care and Negative outcomes. At Yuma Complex, Plaintiff Complain to them that he was in exercitation of Pain. No medical Provider bother to evaluate Plaintiff even though HN R's keep saying in writing "You are been Scheduled." At Several Prison Complexes!~~

2— On 1-27-11, Nieto and Plaintiff had their Second violent confrontation. In the Process Plaintiff broke his right hand. Real bad. A boxer Fracture. His hand has Not been the same since Serious Chronic Pain affecting his daily activities.
~~Def. stark did NOT forward Plaintiff's informal Complaint. Def. miller or designee did Not respond to Plaintiff's informal Complaint within 15 working days. As required Per Policy. Not seen by the medical Provider at Yuma Complex.~~

3— On 2-23-11 Plaintiff had major surgery on his hand. He lost about half an inch of his Pinki finger. surgeon Put in Place 1 good size Plate, 7-screws. 2-Pins. Pinching his sensory Nerve of his right hand. Very Painful. surgery lasted over one hour. Pain radiating into his muscle up to his elbow. On going chronic Pain.
~~Per Policy, Plaintiff Proceed to the Next stage, without a Response, of the Grievance process. 8th Not~~

4— Plaintiff believes that if Def. Badilla had Follow Prison Protocol. Policies. Plaintiff's broken hand, assault had not occurred and giving Nieto another Cell. Both told him the move is Not going to Work at all. With deliberate indifference to Plaintiff's safety he did NOT Pay attention exposing him to hazard or danger.
~~Plaintiff Filed his Medical ILm Grievance with Def. Borrera, that he was in Pain and his Causes by over tention on file, and no Core to evaluate his for he's re injured hand, at Yuma Complex.~~

5— On 3-01-11, surgeon Zoldas, removed external sutures. He told the Prison Medical Coordinators in writing to bring the Patient back in thirty days so the Pins Could be removed to Prevent Negative outcomes.
~~Plaintiff Filed No Response to his Medical ILm Complaint by Def. Borrera, or Def. Greely. Not Def. stowell. Plaintiff Continues to be in Nerve Injury damage. Hardware Need to be removed due to Medical Complications. Central office did NOT approve the removal of hardware for over 3 years. or Facility Health administrator Greeley.~~

6— On 3-31-11, surgeon Zoldas, evaluated Plaintiff and For the second time in a row. He wrote a medical memo to Prison medical Coordinator East, Def. that the Pins Need to be removed to avoid Negative outcomes. All his recommendations-instructions were ignored and/or Medical Coordinator Def. Nash.
~~once again Per Policy Plaintiff Proceed to the Next stage, without a response, of the Grievance Process 8th.1 medical ILm Grievance Appeal to the Director Ryan, Division Director of Health services- Phoenix office.~~

7— On 5-18-11, Plaintiff was evaluated by the hand surgeon Zoldas, He ordered x-Rays on broken hand he found micro Fractures on x-Rays. For the Fourth time. He wrote a recommendation to Prison medical Clinical Coordinator Def. Nash, or Def. East, that the Pins do Need to Come out to Prevent Negative outcomes.

4. INJURY.
Sensory Nerve injury to his right hand-Pain radiating into his elbow. On going Chronic Pain-Refusal to Provide Pain management medication. Did Not Provide the Plaintiff with the risk management Paperwork to File against the state for his injuries sustained, and Pain and suffering.

5. Administrative Remedies.
   a. Yes.
   b. Yes.
   c. Yes.

*Continuation Count IV.*

8- On 6-20-11, Plaintiff was finally taken to surgery for removal of pins. Plaintiff told Dr. Zoldos, hand feels numb, tingling and painful due to the pins. He told nursing staff he was allergic to Demoral - they went ahead and gave him a shot and he did start acting up due to the pain shot - He was given a shot of Benadryl to alleviate his discomfort. this incident written up by medical staff.

~~Hand specialist Zoldos, on 8-8-11, recommended the removal of all hardware due to Numerous medical complications since surgery first begin, and all, a diagnosed condition.~~

9- On 6-28-11, Plaintiff was evaluated by the surgeon Zoldos, at his clinic. Plaintiff told the surgeon that the pain, Numb, tingling sensations are not going away. He removed 4-external sutures from surgery of 6-20-11. He examined Plaintiff's hand and concluded that due to the delays of not removing the pins in a timely manner sensory nerve injury has occurred. Medical incident report written by dr. Zoldos for clinical coordinator Def. East, Def. Nash. Pain with wrist movement, Dr. Zoldos, recommend a CT-scan of the hand due to a bump on broken right hand. He never received treatment for his hand-

~~Def. Ryan, and Def. Pratt and/or designee denied the referral for the removal, placing the Plaintiff in serious painful issues for over 3 years with deliberate indifference to serious medical needs.~~

10- On 8-8-11, Plaintiff went back to see dr. Zoldos. He told the dr. that his hand continues to hurt- Hardware needs to be removed-due to complications, Dr. Zoldos, wrote in his notes to prison clinical coordinator Def. Nash or Def. East, that hardware needs to come out due to complications. Too painful. Prison medical staff with deliberate indifference to Plaintiff's, **excessive** risk to his health and did not pay attention to such risk.

~~Plaintiff believes that by filing this civil Rights complaint with the court and Def. Ryan, and Def. Pratt, partially up-held his medical grievance appeal they all come together and give Plaintiff back his pain management medication and physical therapy for his damaged sensory nerve injury and/or compensatory damages for his pain and suffering for over 3 years unnecessarily. Plaintiff continues to suffer from constant painful pain from hand to elbow. Non-stop. Pursuant to Department order 909.09 - Property Claims (In General) Re-Policy 909.08 claims-Def. Anderson, and Def. Espinoza, are obligated to provide Plaintiff with the risk management paperwork to file against the state when the grievance has been upheld by the director.~~

11- On 9-30-11, Plaintiff was told not to eat anything due to getting an operation procedure, 11 P.m. Plaintiff was not transported ea to have surgery for the removal of hardware. Plaintiff needed treatment for his hand and was denied by the clinical coordinator Def. Nash and Def. East, or Surgery.

~~Discovery investigation showed no evidence that a response to Plaintiff's Medical Informal Resolution complaint at Dakota Unit. Yuma complex and medical grievance at Kai-bab Unit- Winslow complex was issued by medical staff while Plaintiff was housed at Yuma complex and Winslow complex-Not tucson complex. All on Plaintiff's personal records and Def. Ryan and Def. Pratt, the Directors investigators have it all wrong-100-90-Def. Anderson, and Def. Espinoza, did not provide Plaintiff the risk management paperwork to file against the state within 180 days as is required by law. Plaintiff ask for it in writing and verbally to his case worker Def. Stephen; she did not look into it either, nor the attorney General Tom Horne. In writing.~~

12- On 9-21-11, Plaintiff was called out to Drs. line at Cimarron Unit-tucson, Health Unit, Plaintiff ask Provider Lewis for medical treatment for his hand and ask him why he was not taken to surgery yesterday. ? He said he would look into it but Plaintiff was never evaluated again by him. Plaintiff told him that he was in pain and needed pain mediation for his chronic pains. He wrote down all medical issues requests by Plaintiff.

13- Since Plaintiff could not get medical treatment from medical at Cimarron for 3-months. Plaintiff on 12-22-10, he wrote a Health Needs Request to Facility Health Administrator Dr. Valenzuela, stating, I Need Your help. On 9-30-11, dr. Zoldos was going to removed my hand-hardware. For some unknown reason to me was cancel. First complaint to your office 6-3-2011. On 9-30-11, to Ms. Tammie Nash, Clinical Coo. On 12-22-11, my hardware got out of place. Hand swollen. Painful. I did not FY Nurse Porter during my daily pill-med-call to put in an H.N.R this is an on going problem since January 27, 2011. What are you going to do about my hand problem Now. ?        Same HNR to clinical Coo. Def. Nash. No Response.

14- On 12-23-11, Plaintiff's Health Needs Request was intercepted by Nurse Porter and she wrote "Provider review Plaintiff does not remember being called out to be evaluated by Provider Lewis. Plaintiff Needs medical treatment for his hand they did not care if it was a risky issue or not, they did not pay attention to his medical request for treatment- He sent many Health Needs Request to medical-State wide. All medical Health Units-Ignored his requests for treatment-

6-A.

Continuation Count IV.

15- On 1-19-12, Plaintiff received a Written Note by Provider Lewis, Pre-stamped, Name and title-stating that he Never received the Operation reports from either hand Surgery or from 10-20-11, University Physicians Healthcare-Emergency Room. But did receive the U.P.H. E.R. Patient discharge instructions. Yet, Prison Medical Clinical Coordinator Nash or East did Not turn over the Medical Findings to the Provider Lewis, or Surgery to alleviate Plaintiff's Pain-Sciatica Herniated disc. With deliberate Indifference to a Serious Medical Needs. through Numerous Medical Reports-Notes by the hand Specialist, Def. Nash, Def. East, were aware of the Needed treatment by the plaintiff and it was denied. Signed off by Provider Lewis, 1-19-12.

16- Due to Circumstances Not Under Control of the Plaintiff- He was Continuously transfer from one Prison Unit to another. Statewide. Medical knew and yet refused to give him medical treatment. He was getting assaulted physically each time he tried to go or forced by the prison administration Into a general Population Yard and they were aware of his issues and did Not Care for his safety. Statewide

17- Plaintiff getting frustrated-tired of being mistreated Medically-While housed at Dakota Detention Unit-On May 16, 2012 he filed an Inmate Informal attempt at Resolution-Medical. With Def. Stark, Def. Miller. As to why am I being discriminated against.?

18- Plaintiff Continues with: For many months with deliberate indifference to a Serious Medical Needs to my broken right hand. I have had received No Proper Medical attention since the last time I spoke with the hand specialist dr. Zoldas. For Hardware removal. Due to Prison Medical department keeps on missing drs. Notes and his recommendations, and other medical issues. Paperwork attached dated 1-19-12. Signed off by dr. Lewis, 1-Page.

19- Plaintiff received No Response, Formal, from Def. Stark or Def. Miller. Deliberately Indifferent.

20- Plaintiff sent many Health Needs Requests to Medical requesting-asking for treatment- all Plaintiff received in response was "You have been scheduled." He was Never seen by Medical at Dakota Medical Unit at any time.

21- Plaintiff Without Notice he was transfer to Winslow Complex-Kaibab Detention Unit. He did not get treatment or surgery for the removal of the hardware in his hand. He started sending many Health Needs Requests to Medical. But No surgery, yet.

22- Def. Brown, on 3-16-12, ordered X-Rays for Plaintiff's re-Injured broken right hand on 3-11-12, he was the Victim of a Violent Incident at Cimarron Unit.

23- On July 10, 2012, Kaibab Medical staff told Plaintiff that Def. Brown had Cancelled all medical evaluations or any treatment Further the matter.

24- On July 10, 2012, Plaintiff Filed his Medical Inmate grievance-Sent to C.O. IV. Barrera, to forward to Def. Greeley. Site Manager.

25- Plaintiff In it asking them to remove all hardware from his hand. His request Fell on deaf ears. Plaintiff Sent In Many Health Needs Requests Seeking treatment-surgery-did Not Come at all.

26- Def. Stowell, in her response of 7-13-12, she responded that she sees No Notes or Health Needs Requests from Plaintiff requesting the Issue of your hand Prior to 7-10-12. Plaintiff sent in Many Health Need Requests regarding his hand state wide. No relief.

27- On 8-13-12, Plaintiff Sent a Prison Inmate letter to the Medical site manager Gene M. Greeley and Plaintiff wrote him that, No one has done Nothing about my broken right hand Inmate Grievance Filed 7-10-12. Re-Injured when I was assaulted 3-11-12, and Possibly misplaced the 7-screws and/or the Plate. Very Painful with movement. Also No one has done Nothing about my Consults Ordered 2-24-12 for, 1-MRI, lumbar spine. 2-Pain Clinic. 3-Neuro-surgery. (L-5 & 5-1). I am in Pain this Pinched muscle and Sensory Nerve L-5 and Pinched sensory Nerve 5-1, are Nothing to Joke about. So why your office has done Nothing to alleviate my excrutiating Pain and the Continuous Pressure on my Nerves.?

28- Please respond to medical Grievances. Def. Stowell or site manager Greely reply to the Grievance.

29- Since Plaintiff Could Not get any kind of relief regarding his hand-removal of Hardware. He went and Filed his medical Inmate Grievance appeal with the Def. Ryan.

6-B.

## Continuation Count IV.

30- On 10-03-12, the Plaintiff in his medical grievance Appeal to the Def. Ryan, he requested the removal of broken right hand Hardware. was recommended by dr. Zoldas 8-8-2011- Due to Numerous Complications since operation. Very Painful in cold weather. Dr. Zoldos, many times recommended the removal- only to be ignored by Def. Nash and Def. East. leaving Plaintiff in Pain and suffering unecessary.

31- On 12-10-12, Def. Ryan, Partially Upheld Plaintiff's Medical Grievance. Yet, NU surgery done on Plaintiff's hand for removal of Hardware or treatment.

32- On 1-06-13, Plaintiff received response from Def. Ryan, to his medical grievance appeal Case No. W02-052-062-Yet, Plaintiff has had Not received Surgery for removal of Hardware. Nor the risk management Paperwork to File for Plaintiff's injuries. As is required by state law.

33- When Plaintiff received his Partially Upheld medical grievance; He wrote a Prison Inmate letter to Def. Ryan, that Def. Espinoza, did Not Provide him with the risk management Paperwork to File against the state For his injuries, dated 1-10-13, He did Not respond.

34- On 12-27-12, Plaintiff sent a Prison Inmate letter to Def. Stephan; Please explain to me the Process in order for me to File a Notice of Claim against the state of Arizona. ?

35- Her response is : you can only File a claim with an approved grievance. Signed off by her.

36- Yet, Plaintiff up to today has Not received the said mentioned Paperwork to File.

37- On 1-10-13, Plaintiff wrote a Prison Inmate letter to Def. Espinoza, regarding the Paperwork For risk Management. She did Not respond to Plaintiff's Inmate letter. On Purpose. Asking For it.

38- On 4-18-13, Plaintiff wrote a Prison Inmate letter to Def. Anderson, regarding the Paperwork For risk management. She did Not respond. On Purpose. Plaintiff asking For the Paperwork.

39- On 6-17-13, Plaintiff wrote a Prison Inmate letter to Def. Stephan, asking For the Paperwork For risk management. she did Not respond.

40- Plaintiff has demostrated through several ways that the Plaintiff has been shown by Medical staff deliberate indifference to a serious medical Needs. Plaintiff Continuous to suffer in Pain due to a on going chronic Pains- All on File.

41- All Plaintiff has been asking is For his Surgery and For his Pain management medication- Gobapentin and tramadol- to which they have been taken away by Corizon Medical staff without reason or explanation.

42- All defendants are sued in his/her individual capacity and official capacity. All defendants were acting under the color of state law as employees of the Arizona Department of Corrections. Jointly and separatly as it best applies to each and all defendants.

Exhibit-A.

**ARIZONA DEPARTMENT OF CORRECTIONS**

187780

**Outside Consult Request**

(4) agreement   Priority (one): ☒ Urgent   ☐ Routine   ☐ Chronic

| Type of Consult (Be Specific) | Follow Ups Required? ☐ Yes ☐ No |
|---|---|
| Neurology ε EMG/NCV | Number of Follow Ups |
| | Release Date   Telemedicine ☐ Yes ☐ No |

Transport needs   ☐ Diabetic   ☐ Wheel Chair   ☐ Oxygen

**Medical Allergies (Current Meds or Attach MAR)**
all - Tolectin , paper tape
copy of CIPS attached

**Problem List**
multiple pain issues 2° to Rt hand, Rt shoulder impingement
Sciatica Rt leg ~per UPHER · herniated disc but no records of any
imaging tests
HTN          HCV ⊕
BPH     macular scar ⊕              10.11 wks ago

**Subjective Complaints**
Acute onset Rt lumbar + buttock pain radiating down posterior Rt leg
to foot. Was unable to bear wt or move leg so sent to UPHER on 10/30/11
returned ē dx " sciatica, herniated intervertebral disc · lumbosacral"
pain persists down post lat thigh, lat calf & lat foot. Can't dorsi-flex
ankle!

**Objective Complaints**
See attached SOAP note for PE details


For eval of Rt foot drop + radicular pain ? L-S radiculopathy vs
peroneal n. mono neuropathy.   Is MRI indicated

| Ordering Practitioner | Kevin S. Lewis, M.D. | Date |
|---|---|---|
| K Lewis | Physician 1 | 01/03/12 |

Local Decision (If Applicable)   ☐ Approved   ☐ Denied   ☐ Practitioner to Supply more Information

| Approval - KCP/Designee/Practitioner | Date |
|---|---|
| Review - FHA/Designee | Date |

Sent to Central Office ☐ Yes ☐ No  Date _____   Lab Work Attached ☐ Yes ☐ N/A   Test Results Attached ☐ Yes ☐ N/A

Current ACIPS Profile attached (Required for hospitalization) ☐ Yes ☐ N/A

_____ ORC ID
_____ Authorization Number (if approved)

| Inmate | | Number |
|---|---|---|
| | FIERRO, JOSE   44803 | |
| Date | 3/27/1958 | T. Cen |

**Outside Consult Request**

1101-63
5/1/09

<span style="writing-mode: vertical">Medical Reason for Referral (To Be Transcribed into ORC Comments)</span>



**UPH.**
UNIVERSITY PHYSICIANS HEALTHCARE
UNIVERSITY MEDICINE

University of Arizona Medical Center (UAMC) - South Campus
2800 East Ajo Way
Tucson, AZ 85713
520.874.2000

---

Patient Name: JOSE FIERRO
Reg Date/Time:10/20/11  12:15
Account #: 8203353
MRN: 941464

AGE: 53 yr
SEX: M

DOB: 03/27/1958
ED #: 20426

---

## Discharge Instructions

We are pleased to have been able to provide you with care today.  Please review these instructions when you return home in order to better understand your diagnosis and the necessary further treatment and precautions related to your condition.

In most cases, treatment in an Emergency Department is intended to be temporary in nature.  In general, any additional treatment is to be given by your family doctor, or the physician to whom you have been referred upon discharge from the Emergency Department.

These instructions are temporary.  If you have any questions or problems after leaving the Emergency Department, please notify your physician or the physician to whom you have been referred, or return to the Emergency Department if your condition worsens.

Reminder: If you have been  referred to another physician for follow-up care, your treating physician may  expect payment at time of service. Please contact the physician's office  prior to treatment to clarify payment options.

Discharge Date:
You were treated today by:
*Eric Chase MD-R*
*Vanessa*

*Nikki Vasconcellos MD-R*

Discharge Diagnosis:
Sciatica
Herniated Intervertebral Disc, Lumbosacral

Referral:

You have been referred to the following doctor(s):
***None, PCP

**Prescriptions Given**
OXYCODONE 5MG TABLET

10/25/11

Kevin S. Lewis, M.D.
Physician 1

---

Printed:  10/20/2011 18:18

ExhibiT-B.



Patient: Jose Fierro
Date of Birth: 03/27/1958
Referring Physician: Kevin Lewis, MD
Date of Consultation: 2-6-2012

**Chief Complaint**: Right leg pain and right back pain.

**HOPI**: The patient is a 53 year old right handed male who is an inmate at the Arizona Department of Corrections who was referred for the above symptoms. The history if obtained from the patient as there are limited outside records for review. According to the patient, his symptoms began in March of 2011 when he developed right hip pain that was mild initially. He was offered ibuprofen which did not help. Symptoms persisted when on October 15th 2011 the patient's pain significantly increased. This was primarily located in the right buttock area with pain radiating down into the right foot. He describes this as an electrical sensation with some tingling which was positional in nature. It can be up to 8 out of 10 in intensity. The patient was seen at the University of Physicians healthcare in Tucson in the emergency department and was diagnosed with a herniated intervertebral disc with likely L5 nerve root compression. He was subsequently sent to follow-up at the department of corrections. The patient has received tramadol with unfortunately has not helped. He was also tried on carbamazepine which has not helped and may be causing side effects. He has not had any other therapies since that time. Nerve conduction studies were requested for continued evaluation of this condition.

The patient denies any bowel or bladder incontinence. He denies any saddle anesthesia. He has had some difficulty walking primary since due to the pain however he also endorses right foot drop which has been problematic.

**Past Medical History**:  hypertension, heart murmur, right bicep tendon tare status post-surgery, hepatitis C, irritable bowel syndrome.

**Family Medical History**:  The patient's father died in his 90's from unknown causes. The patient's mother died in her 70's from cancer of an unknown type. The patient has a half-sister with colon cancer.

**Social History**: Patient is an inmate at the Arizona Department of Corrections. He denies tobacco alcohol or drug use.

**Medications**: dicyclomine 200mg 2 tablets TID, carbamazepine 200mg 1 tablets BID, amlodipine 500mg 1 tablet daily, hydrochlorothiazide 50mg daily, terazosin 3mg QHS and docusate sodium 100mg BID

**Medication Allergies**: demerol causing hives, tolectin causing hearing loss, peroxide causes burns, paper tape causes hives, latex causes itching, aspirin and Tylenol and ibuprofen cause itching.

1450 S. Dobson Rd. Suite A305 Mesa, AZ 85202 P: 602-424-4450 F: 602-424-4451

Re: Fierro, Jose

**Review of Systems:** A 14 point review of systems was obtained and is negative other than per HPI and as follows: The patient complains of sleep problems, tinnitus, intermittent blurred vision, rare dysnomia and abdominal pain

**Physical Examination:** Ht 67.5 in; Wt 163 lbs.; BP resting: 132/84; Pulse: 65bpm.

**General appearance:** Patient is a age appropriate appearing male who is in some mild distress from pain when ambulating but otherwise in no repertory distress.

**Head:** Normocephalic. Atraumatic. No facial asymmetries.

**Eyes:** EOMI. Left pupil 4mm minimally reactive right pupil 2mm sluggishly reactive. Limited fundoscopic examination reveals normal optic discs bilaterally.

**ENT:** Oropharynx moist. Uvula non-deviated. Tongue protrudes midline.

**Neck:** Supple. No meningismus.

**Extremities:** The patient does have a shoulder sling about the right arm. There is no there is no pedal edema.

**Neurological Examination:**

**Mental status examination:** The patient is awake, alert, and cooperative, and is oriented to year, month, date, state, city, clinic building location.

**Cranial nerves:** II-XII are intact

**Motor:** On MRC score the patients right leg Strength is as follows: iliopsoas 5, quadriceps 5, hamstrings 5, tibialis anterior 0, gastrocnemius 4 +, great toe dorsiflexor 2 and great toe plantar flexor 5. Bilateral upper and left lower extremity manual muscle testing was normal.

**Reflexes:** Normal at the biceps, brachioradialis, triceps and bateral tendons bilaterally. Ankle jerk reflexes are absent on the right and 1 + on the left. Plantor responses are flexor on the left and nonreactive on the right.

**Sensory:** Diminished sensation to pinprick over the anterior shin, medial foot and lateral thigh on the right.

**Coordination:** Normal finger to nose and heel to shin bilaterally. Normal alternating movements of hands, fingers, and feet.

**Station:** The patient has an antalgic gait and a tendency for right foot drop.

**Gait:** The patient walks with a normal stride-length and is able to do toe raises and heel raises without difficulty. Tandem gait is normal.

**Labs and Radiology:** None available for review.

**Impression:** Probable right L5 radiculopathy based on symptoms and examination finding. We will perform an EMG nerve conduction study today to determine if this is

1450 S. Dobson Rd. Suite A305 Mesa, AZ 85202 P: 602-424-4450 F: 602-424-4451

Re: Fierro, Jose

the case and additional recommendations will follow-up once this has been completed.

**Addendum:** EMG and nerve conduction studies showed evidence most consistent with a severe active right lumbosacral polyradiculopathy involving predominantly the L5 nerve root and to a lesser degrees the S1 nerve root. There was no activation of certain muscles in the L5 distribution. There was no evidence for peripheral polyneuropathy

I discussed the findings of the electrodiagnostic testing with the patient and indicated that he does have a significant radiculopathy involving the right L5 nerve root which will need to be managed appropriately. I do believe that he needs an MRI of the lumbosacral spine to further define this abnormality, following which surgical options may need to be considered, particularly considering the severity of his weakness and the continued denervation seen on the EMG testing.

**Recommendations:**

1. MRI of the lumbosacral spine. This study should be expedited. Pain management should be considered, including increasing tramadol dose, and / or adding a secondary pain medication which the patient could tolerate. Gabapentin would be a reasonable choice given the patient's hepatitis C status.
2. The patient should be referred to a pain specialist for nerve root injections pending the results of the MRI, and an orthopedic or neurosurgeon for decompression treatment of the lumbosacral region.

Should there be any concerns or questions once the above treatment plan has been enacted, I would be happy to see the patient back on an as needed basis.

Jonathan McKinnon, MD
Board Certified Neurology

Exhibit-L.





**ARIZONA DEPARTMENT OF CORRECTIONS**

**Health Services - Communique**

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| FIERRO, JOSE | 044803 |
| Facility | Unit |

### THE FOLLOWING RESULTS WERE NORMAL

☐ **LAB**

☐ **X-RAY**

☐ **EKG**

☐ **PAP**

☐ **MAMMO**

Neurologist name - Jonathan Mc Kinnon MD

L = lumbar   S = sacral   why are levels of the spine

**Other**

R+ L-5 severe radiculopathy - pinched both muscle + sensory nerve
S-1 less severe radiculopathy - pinched sensory nerve only

radiculopathy
↓              ↓
major nerve   disease (injury)
leaving spine

**Comments**

consults ordered  1) MRI lumbar spine
2) Pain Clinic - for possible nerve root block or
epidural steroid injection
3) Neuro Surgery - to evaluate if surgery to
remove pressure off nerves (L-5 & S-1) is
a treatment option

| Signature | Date |
|---|---|
| K Lewis  **Kevin S. Lewis, M.D.** **Physician I** | 02/24/12 |

Submit HNR if additional information is requested.

1101-26
5/11/11

Distribution: White - Medical File; Yellow - Inmate

COPY

# ARIZONA DEPARTMENT OF CORRECTIONS

## Non-Formulary Drug Request
(PHYSICIAN, DENTIST, PHYSICIAN'S ASSISTANT, NURSE PRACTITIONER)

| Sex | Age | Earliest Date of Release |
|---|---|---|
| ☒ Male   ☐ Female | 53 | |

| Non-Formulary Drug Requested | Strength | Dose | Therapeutic Class |
|---|---|---|---|
| Ultram ER | 200 mg | BID | |

☐ Request for One-Time Use for _____ days/weeks/years          ☐ Request for Formulary Addition (please supply supporting material)

| Date Requested | ORC Recommendation (optional) |
|---|---|
| ☐ Urgent    ☐ Routine | ☐ Approved    ☐ Disapproved |

**Pertinent Labs** (may attach sheets)

Result _____ Date _____

**Relevant DX** severe Rt L-5 radiculopathy,

**Other Significant Conditions & Findings**
moderate Rt S-1 radiculopathy
chronic shoulder + hand pain

**Other Therapies/Formulary Items Used**
NSA  tramadol 150mg  BID

**Why Is This Drug Preferable To a Formulary Product?**
NSAID (Tolectin) allergy

| Provider  Kevin S. Lewis, M.D.  Physician I | Signature  KLewis | Date  02/24/12 |
|---|---|---|

**ASP/ASPC PHARMACIST COMMENTS**

Pt consent - I understand extended use of opioid narcotics WILL result in physical dependence and potentially addiction. Therefore the lowest dose for the shortest time period to achieve a 50% reduction in pain is the treatment goal - signed  Jose Fierro #044803  Date 2-24-12

| FDA Approved Indication | Drug Cost | ☒ Approved    ☐ To Central Office for Decision |
|---|---|---|
| ☐ Yes    ☐ No | | ☐ Disapproved    ☐ Pharmacist Signature _____ |

**Comments/Restrictions/Notes**
Pt chooses to maximize tramadol in attempt to avoid MSER or methadone.

| Central Office Reviewer's Signature  Kevin S. Lewis, M.D.  Physician I  KLewis | Date  02/24/12 |
|---|---|

**Action**

Copy/Fax 2-24-12 1403 RW

| Inmate Name (Last, First M.I.)  FIERRO, JOSE | ADC Number  044803 |
|---|---|
| Date of Birth  3/27/58 | Facility/Unit  T-Cim |

Distribution
White - Inmate's Medical Chart
Canary - Central Office Pharmacist
Pink - Institutional Pharmacy

1101-35P
8/1/01

12-26-12

Inmate Grievance - GF Supplement

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| FIERRO, JOSE A. | 44803 | ASPC-Tucson / Cimarron | 12-C11-006 |

This is a response to your Inmate Grievance dated 2/14/12 which was received in the Tucson Inmate Health Services office 2/16/12.  Your grievance is in regard to medical issues and treatment.***************************************************

On 9/16/10, you submitted an HNR requesting to know what your treatment options are for pain in your right shoulder.

On 9/23/10, you were evaluated by the provider and an MRI consult was submitted.

On 12/3/10, you had an MRI performed of your right shoulder that showed mostly degenerative, and not traumatic, changes in the joint. The provider reviewed the MRI report on 12/21/10 and requested to see again at which time he submitted a consult for orthopedics.

On 5/11/11, you saw the provider for several issues, including pain in your shoulder. The provider noted you refused to submit to a trial of pain medications. You indicated to him you would use the informal/grievance process to get what you wanted. As a result of your refusal, no further pain medication was ordered.

On 7/10/11, you put in an HNR requesting a renewal of tramadol, stating has been helpful in treating your pain.

On 9/21/11, you saw the provider and he raised the dose of tramadol and requested follow-up on the various consults that were requested.

On 9/28/11, you went to an outside consult with orthopedics. At that time, the doctor recommended surgery to repair your shoulder.

On 12/20/11, the provider wrote the consult for the surgery.

On 1/3/12, you saw the provider again and he started you on new pain medication.

On 1/13/12, you underwent surgery on your shoulder. It is important to note that between all of these visits for your shoulder, you were routinely seen for pain in your hand, hips, and buttocks. You were receiving extensive pain management with multiple prescriptions including acetaminophen, tramadol, gabapentin, naproxen, percocet (following hand surgery), morphine and Tylenol #3 for your shoulder and for these other issues.

On 5/11/11, you refused submit to a trial of pain medication. There is no mention in your chart of any actual injury/trauma to your shoulder, caused by DOC staff, or otherwise. The changes noted were degenerative in nature. The surgeon that performed your operation has not, at this point, recommended physical therapy. The surgeon noted he discussed with you at length various exercises to do and discussed these both before and after the surgery. You currently have prescriptions for gabapentin, tramadol  and tegertol for pain. You have an upcoming appointment with the surgeon. Medical does not address financial settlement issues.********************************************************************************************

HV/bp

[13631]

| Signature | Date |
|---|---|
| D Helena Valenzuela | 3/7/12 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

Exhibit-D.

ARIZONA DEPARTMENT OF CORRECTIONS

Response 12/31/12 Eb-7-E-11.
1 of 2 Photocopies Handwritten For my Records.

Inmate Letter

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date Thur- |
|---|---|---|---|
| Fierro, Jose A. | 044803. | Florence/Central | 10/27/12. |

| To: COIII M. Stephan. | Location Programs. Central Unit. |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Ms. Stephan, I'D like to receive the Following
information as Soonest possible:

Please explain to me the process in order For me to
File a Notice of Claim against the state of Arizona.?

Thank you For your Assistance and prompt reply.

You can only file a claim with an approved
grievance.

COIII M. Stephan

| Inmate Signature Jose Fierro #044803. | Date Thursday 12/27/12. |
|---|---|

Have You Discussed This With Institution Staff?   ☐ Yes   ☒ No

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

All defendants are sued in his/her individual capacity and official capacity. All defendants were acting under color of state law. 1- the Plaintiff has No Plain, adequate or complete remedy at law to redress the wrong as described here in. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injuctive relief which Plaintiff seeks. 2- Granting Plaintiff Fierro a declaration that the acts and omissions described here in violate his rights under the constitution and laws of the United states, and ; 3- A Preliminary and permanent injuction ordering defendants Ryan, and molachinski to cease their treatment to Plaintiff and grant him surgery and pain medication baba Pentin and Tramadol and ; 4- Granting Plaintiff Fierro compensatory damages in the amount $100,000 against each defendant Jointly and severally.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __7/14/2014.__
                    DATE

_Jose A. Fierro #044003_
SIGNATURE OF PLAINTIFF

__NONE.__
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

5- Plaintiff seeks punitive damages in the amount of $100,000. Plaintiff Fierro seeks these damages against each defendant, Jointly and severally.
6- Plaintiff also seek recovery of his costs in this suit, and ; 7- Any additional relief this court deems Just, proper, and equitable.

__NONE.__
(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.