IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Abel Fierro,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Defendants. | No. CV-13-02173-PHX-PGR (BSB)<br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter is before the Court on its own review. On March 10, 2015, Plaintiff filed a Second Amended Complaint. (Docs. 45, 46.) The Court also ordered the United States Marshal Service (USMS) to serve several Defendants, including Defendant East. (Doc. 45 at 2)

　　　　In June 2015, service on Defendant East was attempted at the Arizona State Prison Complex (APSC) in Tucson, but was returned unexecuted because he does not work there. (Doc. 61.) To facilitate service of process, the Court ordered the served Defendants to provide Defendant East's last known work or home address. (Doc. 102.) Defendants complied with the Court's order by providing a work address for Defendant East at ASPC-Lewis in Buckeye, Arizona, and service was attempted at that address. (Doc. 108.) In November 2015, service was returned unexecuted because East no longer works at ASPC-Lewis. (Doc. 155.) Because the served Defendants only provided a work address, the Court directed the served Defendants to provide under seal Defendant East's last known home address. (Doc. 156.) Defendants complied with the Court's

order and service was attempted at the address Defendants provided. (Docs. 163, 231.) In February 2016, service was returned unexecuted because Defendant East does not reside at that address. (Doc. 231.)

Because Plaintiff had not served Defendant East despite several extensions of time to do so and the assistance of the served Defendants, the Court ordered Plaintiff to show cause why his claims against Defendant East should not be dismissed for failure to serve. *See* Fed. R. Civ. P. 4(m). (Doc. 232.) Plaintiff responded to the order to show cause. (Doc. 245.) Plaintiff's response recounts the history of the service attempts on Defendant East. Plaintiff contends that Defendants have failed to provide adequate address information and that the ability to serve Defendant East is "out of Plaintiff's control." (*Id.* at 3.) The record reflects that Defendants have provided several addresses for Defendant East to help facilitate service of process on that Defendant. Despite that information, the USMS has been unable to serve Defendant East.

A "pro se litigant proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, the plaintiff is responsible for providing the information necessary to locate the defendant. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citation omitted), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff filed the Second Amended Complaint nearly a year ago and has yet to provide adequate information for the USMS to serve Defendant East with that pleading despite having several extensions of time to do so, and despite receiving Defendants' assistance. Therefore, the Court recommends that Plaintiff's claims against Defendant East be dismissed for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that the Court dismiss Plaintiff's claims against Defendant East without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 25th day of February, 2016.

_____
Bridget S. Bade
United States Magistrate Judge