MGD

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Abel Fierro, | No.  CV 13-02173-PHX-JJT (BSB) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, *et al.*, | |
| Defendants. | |

Plaintiff, an inmate currently confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis), brought this pro se civil rights case pursuant to 42 U.S.C. § 1983 regarding his medical care and the denial of his requests for protective custody (PC). (Doc. 46.) In an Order dated January 17, 2017, the Court granted summary judgment on Plaintiff's medical care claims in Counts Two through Four and denied summary judgment on Plaintiff's PC claims in Count One. (Doc. 421.)

Pending before the Court is the remaining Defendants' Motion for Leave to File a Second Motion for Summary Judgment Regarding Count One of Plaintiff's Second Amended Complaint.[1] (Doc. 426.) Also pending is the Defendants' Motion for Extension of Time for Filing a Motion for Reconsideration. (Doc. 434.)

---

[1] The remaining Defendants are Coffey, Forrester, Ochoa, Pruett, Sanders and Smith, whom the Court will refer to hereinafter as Defendants.

The Court will deny the Motion for Leave to File a Second Motion for Summary Judgment and will grant the Motion for Extension of Time, but will only permit Defendants five days from the date of this Order to file a Motion for Reconsideration.

**I.    Background**

In the Order denying summary judgment, the Court outlined Plaintiff's seven requests for PC made between January 27, 2011 and December 26, 2013. (Doc. 421 at 5-16.) Plaintiff made his first PC request in January 2011 while housed in the ASPC-Lewis-Rast Unit, his second PC request in March 2012 while housed in the ASPC-Tucson-Cimarron Unit, his third PC request in April 2012 while housed in the ASPC-Lewis-Morey Unit, his fourth PC request in May 2012 while housed in the ASPC-Yuma-Dakota Unit, his fifth PC request in June 2012 while housed in the ASPC-Winslow-Kaibab Unit, his sixth PC request in September 2013 while housed in the ASPC-Tucson-Cimarron Unit, and his seventh and final PC request in December 2013 while housed at the ASPC-Lewis-Morey Unit. (*Id.*) The first six requests for PC were denied, but inmates were added to Plaintiff's Do Not House With list, and Plaintiff was given alternate placement and moved to a different unit each time. (*Id.*) Plaintiff made his seventh PC request after he was assaulted upon his arrival at the ASPC-Lewis-Morey Unit on December 26, 2013. (*Id.* at 15.) Plaintiff was eventually granted PC and transferred to a PC unit on April 4, 2014. (*Id.* at 16.)

The Court found the evidence supported that Plaintiff was subject to a risk of harm beginning in January 2011 at the ASPC-Lewis-Rast Unit after Plaintiff's cellmate, a member of the Border Brothers prison gang, called Plaintiff a "rat" and a "snitch," began shoving Plaintiff, and Plaintiff broke his hand in a fight with his cellmate. (*Id.* at 19.) The evidence also supported that the risk to Plaintiff continued into 2012 and 2013 after he was transferred to other units, including the ASPC-Tucson-Cimarron Unit, where he was assaulted, and after that when he received threats at the ASPC-Lewis-Morey Unit, the ASPC-Yuma-Dakota Unit, and the ASPC-Winslow-Kaibab Unit. (*See id.* at 19-20.) The Court further found there was a question of fact regarding whether Defendants were

1   aware of a substantial risk to Plaintiff's safety and whether they were reasonably justified
2   in exposing Plaintiff to the risk of harm. (*Id*. at 20-25.)

3         Although Plaintiff's first six requests for PC were denied, Defendants argued that
4   they "responded reasonably to the risk Plaintiff claimed that he faced each time he
5   requested PC" and that they eventually placed Plaintiff in PC once they determined a
6   credible threat against Plaintiff existed. (*Id*. at 24, quoting Doc. 294 at 15.) The Court
7   found a question of fact whether the earlier decisions denying PC were reasonable.[2]
8   (Doc. 421 at 25.) As an example of why the Court found a question of fact regarding the
9   reasonableness of those denials, the Court noted that Plaintiff was transferred from the
10  Cimarron and Morey Units in 2012 and given alternative placement in lieu of PC, but
11  then he was returned to those same units in 2013, and he was assaulted within fifteen
12  minutes of his arrival at the Morey Unit.[3] (*Id*.) The Court observed that Defendants did
13  not explain why Plaintiff was returned to those units when he had been transferred out of
14  those units the year before following investigations of Plaintiff's PC requests. (*Id*.)

15        On January 23, 2017, the remaining Defendants—Coffey, Forrester, Ochoa,
16  Pruett, Sanders and Smith—filed their Motion for Leave to File a Second Motion for
17  Summary Judgment. (Doc. 426.) Defendants state that they want to "specifically address
18  the issues cited by the Court" in the Order denying them summary judgment. (*Id*. at 3.)
19  They argue that they "only recommended or approved PC or alternate placement" for
20  Plaintiff and "had no responsibility for or personal involvement in the decisions regarding

21

22  ─────────────────

23        [2] Although the Court wrote there is a question of fact "whether the first six PC
24  decisions were reasonable" (Doc. 421 at 25), the Court did dismiss, on statute of
    limitations grounds, the claim related to Plaintiff's first PC request made on January 27,
    2011. (Doc. 421 at 17.) Therefore, the question of fact actually relates to the five PC
25  requests made between March 11, 2012 and December 4, 2013, when Plaintiff's sixth PC
26  request was denied on appeal.

27        [3] During the 2012 PC process at the Morey Unit, Deputy Warden Schuster had
28  actually recommended PC placement for Plaintiff, but that recommendation was not
    followed. (Doc. 421 at 10.)

- 3 -

the actual transfers of Plaintiff to other prison units, including the transfers of Plaintiff back to Cimarron and Morey." (*Id*.) Defendants assert that their Statement of Facts only noted the units Plaintiff was transferred to "for the purpose of showing a complete timeline of events," but they were not responsible for Plaintiff's transfers. (*Id*. at 3 n.2.) Defendants want to provide declarations "from ADC officials that will clearly establish that Defendants were not responsible for Plaintiff's transfers following the alternate placement recommendations and approvals" and that they were not responsible "for Plaintiff's transfers back to units from where Plaintiff had previously been transferred after requesting protection." (*Id*. at 4.) In addition to showing their level of involvement in Plaintiff's PC requests, Defendants assert that the declarations "will establish that by recommending or approving alternate placement, Defendants did not disregard the risk" and that their "individual recommendations or approvals of alternate placement of Plaintiff were indisputably reasonable." (*Id*.) Defendants argue that they were denied summary judgment "based primarily upon facts not in the record" and that a second motion for summary judgment "will distill and clarify the factual record and that it will be fully dispositive." (*Id*. at 5.)

## II.     Successive Summary Judgment Motions

A district court may entertain renewed or successive motions for summary judgment. *Hoffman v. Tonnemacher*, 593 F.3d 908, 910-11 (9th Cir. 2010). In *Hoffman*, the Ninth Circuit Court of Appeals found that a successive summary judgment motion "is particularly appropriate on an expanded factual record." *Id*. at 911-12 (finding that district court did not abuse its discretion when it permitted second summary judgment motion after a mistrial and where there were new facts and testimony beyond what was available at the time of the pretrial summary judgment motion). But district courts "retain discretion to 'weed out frivolous or simply repetitive motions.'" *Id*. at 911 (citations omitted).

Many courts, including this one, have also permitted a second summary judgment motion when the court failed to address the merits of a claim or defense in the first

1   motion. *See, e.g.*, *Larsgard v. Corizon Health, Inc.*, CV 13-1747-PHX-SPL (JFM), 2014

2   WL 5340581, at *11-12 (D. Ariz. Oct. 21, 2014) (allowing a second summary judgment

3   motion regarding whether there was a policy or custom underlying the alleged

4   constitutional violation because neither party presented evidence regarding a policy or

5   addressed the issue; thus, the court did not address the merits of the policy claim); *Joki v.*

6   *Rogue Cmty. College*, 1:08-CV-849-PA, 2014 WL 4924672, at *1 (D. Or. Sept. 30, 2014)

7   (finding a second summary judgment appropriate because the court did not previously

8   address the merits of the plaintiff's equal protection claim).

9   **III.   Discussion**

10          This is not a case where there are new facts that were not available at the time of

11  the summary judgment motion or where the Court failed to address the merits of a claim

12  or defense in the first motion. Defendants cite no authority requiring a district court to

13  entertain a second summary judgment motion where the motion is based on previously

14  available evidence. *See, e.g.*, *Purchase Partners, LLC v. Carver Fed. Sav. Bank*, 09-cv-

15  09687, 2013 WL 1499417, at *7 (S.D.N.Y. Apr. 10, 2013) ("[t]he law is clear that it is

16  improper for a party to file a successive motion for summary judgment which is not

17  based upon new facts and which seeks to raise arguments it could have raised in its

18  original motion") (internal quotation marks omitted); *Armentero v. Willis*, 08-cv-02790,

19  2013 WL 144253, at *2 (E.D. Cal. Jan. 11, 2013) (declining to hear second summary

20  judgment motion where the "'expanded factual record' that defendant claims to now have

21  before it does not include any evidence that could not have been obtained and included in

22  defendant's first motion for summary judgment").

23          Allowing Defendants to file a second summary judgment motion in order to

24  reargue the reasonableness of their decisions where they did not succeed the first time

25  would give them a second bite at the apple, thereby prejudicing Plaintiff, a pro se

26  prisoner litigant. *See Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986)

27  (noting that the value of summary judgment would be diminished if a party could amend

28  the issues to be decided in the same case after that party lost on summary judgment);

*Doherty v. Portland Cmty. College*, CV-99-1375-ST, 2000 WL 33200560, at *3 (D. Or. Nov. 15, 2000) (denying the plaintiff's motion for leave to file second summary judgment motion because it "would unduly prejudice [the defendant] and unfairly give [the plaintiff] the proverbial second bite at the apple").

Defendants appear to believe the Court based its denial of summary judgment on the fact that Plaintiff was returned to the Cimarron and Morey Units. The Court, though, used that as one example of why there is a question of fact regarding the reasonableness of their decisions to deny Plaintiff PC. (*See* Doc. 421 at 25.) Even if Defendants did not make the decisions to return Plaintiff to the Cimarron and Morey Units, Defendants did make the decisions to deny Plaintiff's five PC requests, which meant he remained in the general population wherever he was sent. The risk to Plaintiff, and which Plaintiff complained about throughout the PC process, was remaining in the general population. (*See, e.g.*, Doc. 295-2 at 21 (stating on 3-26-12 while at ASPC-Tucson-Cimarron Unit, "I can no longer go into a General Population yard"); Doc. 295-2 at 35 (stating on 4-27-12 while at the ASPC-Lewis-Morey Unit, "It is readily apparent that 'Alternative Housing' or 'General Population' will not suffice"); Doc. 295-2 at 45 (stating on 4-5-12 while at the ASPC-Lewis-Morey Unit, "I do not feel safe in the general population any longer"); Doc. 295-2 at 53 (stating on 6-6-12 while at the ASPC-Yuma-Dakota Unit, "I can no longer walk the General Population yard"); Doc. 295-3 at 2 (stating on 5-8-12 while at the ASPC-Yuma-Dakota Unit, "I feel not safe to be in (G.P.) General Population"); Doc. 295-3 at 12 (stating on 8-13-12 while at ASPC-Winslow-Kaibab Unit, "DOC staff . . . keep on placing me in proximity to known enemies, the border brothers, gang, in General Population. "Alternative Housing" or "General Population" will not suffice."); Doc. 295-3 at 28 (stating on 10-28-13 while at the ASPC-Tucson-Cimarron Unit, "In the past I have had issues with [ ] and for leaving the yard 1-27-12. Yet, I am being forced to go back into General Population"). Therefore, the question of fact rests on whether it was reasonable for Defendants to deny Plaintiff's PC requests, which meant he remained in the general population.

Accordingly, the Court will deny Defendants' Motion to File a Second Motion for Summary Judgment.

## IV.    Motion for Extension of Time

On January 31, 2017, Defendants asked the Court to extend the deadline for filing a motion for reconsideration to fourteen days after the Court rules on their Motion for Leave to File a Second Motion for Summary Judgment. (Doc. 434 at 1.) Defendants assert that while they believe their Motion for Leave to File a Second Motion for Summary Judgment should be granted and will be dispositive, they are asking for an extension of time to file a Motion for Reconsideration, "out of an abundance of caution." (*Id*. at 1-2.)

Motions for reconsideration must be filed "no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). Because the Court's Order denying summary judgment to the remaining Defendants issued on January 17, 2017, any motions for reconsideration were due January 31, 2017. Defendants seek to more than double the time allowed for filing motions for reconsideration, but have not asserted a good basis for doing so. Accordingly, the Court will grant Defendants an extension of time, but will only permit Defendants to file a motion for reconsideration within five days of the date of this Order.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Leave to File a Second Motion for Summary Judgment Regarding Count One of Plaintiff's Second Amended Complaint (Doc. 426) and Defendants' Motion for Extension of Time for Filing a Motion for Reconsideration (Doc. 434).

(2)    Defendants' Motion for Leave to File a Second Motion for Summary Judgment Regarding Count One of Plaintiff's Second Amended Complaint (Doc. 426) is **denied**.

(3)    Defendants' Motion for Extension of Time for Filing a Motion for Reconsideration (Doc. 434) is granted to the extent that Defendants are permitted five

days from the date of this Order to file a motion for reconsideration. No further extensions to this deadline will be permitted.

(4)     All other matters **must remain** with the Magistrate Judge for disposition as appropriate.

Dated this 8th day of February, 2017.

Honorable John J. Tuchi
United States District Judge