Matt Jarvey (#031350)
Patrick A. Tighe (#033885)
Martyna Sawicka (#037876)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: mjarvey@swlaw.com
       ptighe@swlaw.com
       msawicka@swlaw.com

*Attorneys for Plaintiff Jose Abel Fierro*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Abel Fierro,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. 2:13-cv-02173-JJT<br><br>**PLAINTIFF'S RESPONSE OPPOSING DEFENDANTS' ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING DAMAGES** |

On June 7, 2023, Defendants orally moved for judgment as a matter of law under Rule 50(a), arguing that Plaintiff Jose Fierro's ("Mr. Fierro") damages claim failed because he needed medical expert testimony to establish his damages and because he did not suffer more than *de minimis* physical injuries. Doc. 683; 6/7/2023 AM Draft Trial Tr. at 11:19:42-11:21:23. The Court should deny Defendants' oral Rule 50(a) motion for multiple reasons. Procedurally, the jury's verdict awarding Mr. Fierro $25,000 in compensatory damages renders Defendants' oral Rule 50(a) motion moot. Substantively, Defendants are not entitled to judgment as a matter of law under Rule 50 because substantial evidence supports the jury's verdict, expert testimony was not necessary to establish Mr. Fierro's damages, and Mr. Fierro's injuries were more than *de minimis*.

**I.    THE JURY'S VERDICT AWARDING MR. FIERRO DAMAGES RENDERS DEFENDANTS' ORAL RULE 50(a) MOTION MOOT.**

The Court cannot enter judgment by granting a Rule 50(a) motion after the jury has rendered a verdict against the movant. *See Johnson v. N.Y., N.H., & H.R. Co.*, 344 U.S. 48, 49 (1952) ("[I]n the absence of a motion for judgment notwithstanding the verdict made in the trial court within [the time allotted by Rule 50(b)] after reception of a verdict[,] the rule forbids the trial judge or an appellate court to enter such a judgment."); *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) ("If the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b)."); 9B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2537 (3d ed. 1998) ("The [Rule 50(b)] motion must be made even though the trial court expressly has reserved decision on the [Rule 50(a)] motion at the close of the evidence.").

Here, at the close of evidence, Defendants orally moved under Rule 50(a) regarding Mr. Fierro's damages claims. Doc. 680. After some brief argument, the Court deferred consideration on the oral Rule 50(a) motion and submitted the case to the jury. Doc. 683; 6/7/2023 AM Draft Trial Tr. at 11:19:42-11:21:52, 11:25:35-11:29:58, 11:33:24-11:37:43, 11:38:19-11:38:59. The next day, June 8, 2023, the jury entered a verdict awarding Mr. Fierro $25,000 in compensatory damages against Defendants Coffey and Smith. Doc. 693 at 2. Because the jury rendered its verdict awarding Mr. Fierro damages, the Court should deny Defendants' oral Rule 50(a) motion as moot. *See, e.g., Asahi Glass Co., Ltd v. Guardian Indus. Crop.*, 886 F. Supp. 2d 369, 378 n. 6 (D. Del. 2012) (denying as moot Rule 50(a) motion where jury returned verdict); *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, 2016 WL 5477524, at *3 (W.D. Wash. Sept. 29, 2016) (denying Rule 50(a) as moot where court deferred consideration and jury returned verdict); *Rose v. Barrett Tp.*, 2014 WL 2039621, at *6 (M.D. Penn. May 9, 2014) ("Once the Court submits the matter to the jury, the Rule 50(a) motion has effectively been mooted and no further briefing is necessary, unless the movant seeks to renew the Motion in accordance with Rule 50(b).").

## II. MR. FIERRO'S INJURIES WERE WITHIN THE UNDERSTANDING OF A LAY JUROR AND WERE MORE THAN *DE MINIMIS*.

Here, even if Defendants renewed their motion for judgment as a matter of law under Rule 50(b), the Court should deny Defendants' motion because it rests on three false premises: (1) that Mr. Fierro needed a medical expert to prove that he was injured when two prison gang members attacked him on December 26, 2023; (2) that the jury improperly awarded Mr. Fierro damages for aggravating pre-existing medical conditions; and (3) that Mr. Fierro only suffered *de minimis* injuries. All of these arguments, however, are wrong as a matter of law and fact, and the Court should reject them for the following reasons.

### A. Expert testimony was not required to establish Mr. Fierro's damages.

Under federal law, § 1983 "plaintiffs [are] not required to call a medical expert as a witness" where the injuries at issue are capable of being understood by laypersons. *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996); s*ee also DSPT Int'l., Inc. v. Nahum*, 624 F.3d 1213, 1223 (9th Cir. 2010) ("[T]he law does not require expert testimony to establish damages."); *McCoy v. Stronach*, 494 F. Supp. 3d 736, 740-41 (E.D. Cal. 2020) (collecting cases where requests for appointment of a medical expert in § 1983 cases were denied because the injuries at issue were capable of being understood by laypersons); *Malone v. Quigley*, 2020 WL 3978743, at *9 (W.D. Wash. May 8, 2020) (citing *DSPT Int'l, Inc.*, 624 F.3d at 1223 and holding that there was competent evidence from which a jury could determine the amount of damages in § 1983 action because "it is within a jury's lay expertise to fix an amount of damages that would compensate plaintiffs for the symptoms that they claim that they suffered and, for some of them, continue to suffer").

Consequently, § 1983 plaintiffs are "entitled to testify about [their] alleged injuries and pain from" a constitutional tort "and the medical care received for these injuries." *Seals v. Mitchell*, 2011 WL 1399245, at *12 (N.D. Cal. Apr. 13, 2011); *see also Allen v. Currier*, 2023 WL 2728718, at *2 (S.D. Cal. Mar. 30, 2023) (finding that inmate plaintiff's "subjective testimony regarding his alleged injuries and their impact on his daily life" was sufficient); *Cooper*, 97 F.3d at 917 (explaining that inmate plaintiffs in § 1983 action were

not required to call a medical expert to explain pain, which is a "uniquely subjective experience").

Here, Mr. Fierro was not required to present medical expert testimony because his injuries were capable of being understood by laypersons. Mr. Fierro testified about his attack, his subjective experience of it, and its impact on his daily life. 6/1/2023 AM Draft Trial Tr. at 9:13:38-9:16:17 (describing being repeatedly punched, kicked, and stomped on after falling and lying on the ground in the fetal position during December 26, 2013 attack); *id.* at 9:27:02-9:27:55 (describing the pain he felt during the attack); *id.* at 9:28:53-9:29:39 (discussing treatment for wounds from hitting the asphalt and icing bruises); *id.* at 9:31:49-9:32:26 (describing lasting effects of the attack including nightmares and ongoing pain). The medical records contained easy-to-understand procedures, like icing the swelling and bruises, which supported Mr. Fierro's testimony and did not require translation to lay terms. *See* Trial Exs. 12, 13, 18. Additionally, Mr. Fierro's treatment providers who assessed him after his December 26, 2013 attack corroborated his testimony. These providers testified about the care that Mr. Fierro was given and their assessment of his injuries. 6/1/2023 PM Draft Trial Tr. at 4:11:37-4:18:33, 4:25:04-4:39:47, 4:41:09-4:47:45; 6/2/2023 AM Draft Trial Tr. at 9:27:44-9:36:14. There was no need for an expert to testify about Mr. Fierro's injuries in the abstract when fact witnesses were able to concretely speak to them.

The experience of being punched and kicked and feeling resulting pain is within the lay understanding of a juror and does not require expert testimony. Further, expert testimony was not required simply because Mr. Fierro had pre-existing pain or medical issues. *See, e.g.*, *Richman v. Sheahan*, 512 F.3d 876, 884 (7th Cir. 2008) (rejecting defense's argument that force was not *that* excessive even though § 1983 plaintiff has preexisting medical conditions because, under "eggshell skull" rule, "[t]he tortfeasor takes his victim as he finds him"); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1192 (9th Cir. 2002) (recognizing that the "eggshell skull" doctrine or the "time-honored legal principle that a wrongdoer takes his victim as he finds him" applies in the § 1983 context), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). A lay

person understands what it is like to experience pain and have that pain become worse. For instance, a lay person can easily understand that if a person has a broken arm and then is kicked and punched in that same area, that person will feel pain. An expert was not required to explain or establish Mr. Fierro's injuries or damages.

### B. Defendants Have No Evidence That Jury Awarded Compensatory Damages for the Aggravation of Pre-Existing Medical Conditions.

Defendants' damages argument improperly relies on the erroneous premise that Mr. Fierro needed expert testimony because he sought damages for the aggravation of pre-existing medical conditions. The Court should reject this argument for three reasons.

For one, Plaintiff's counsel never argued to the jury, including during closing argument, that Mr. Fierro sought damages for any aggravation of pre-existing medical conditions. *See generally* 5/31/2023 PM Draft Trial Tr. at 1:33:21-1:59:11 (Plaintiff's opening statement); 6/7/2023 PM Draft Trial Tr. at 1:29:49-2:11:50 (Plaintiff's closing statement). Further, as discussed above, Mr. Fierro presented substantial evidence that he suffered physical, mental, and emotional damages that stemmed directly from his December 26, 2013 attack and that he also suffered mental and emotional damages from being shuffled between prisons while facing threats to his life from a violent, statewide prison gang. Trial Exs. 3-7 (requests asking for protective custody due to threats and fear for safety); 5/31/2023 PM Draft Trial Tr. at 4:15:08-4:17:01, 4:27:39-4:28:27, 4:34:30-4:34:50, 4:37:15-4:37:48 (feelings of being threatened and in danger); 6/1/2023 AM Draft Trial Tr. at 9:04:00-9:04:31 (same); 5/31/2023 PM Draft Trial Tr. at 4:20:39-4:21:39, 4:30:38-4:31:43 (expressing concerns for physical safety); *Id*. at 4:22:01-4:23:25 (facing state-wide threat); 6/1/2023 AM Draft Trial Tr. at 9:13:38-9:16:17, 9:24:34-9:28:30, 9:49:33-4:49:48 (testimony regarding attack on December 26, 2013); 6/1/2023 PM Draft Trial Tr at 1:30:29-1:31:04, 1:35:09-1:38:32 (same, including pepper spray); Trial Exs. 12, 13 (medical records post-assault); 6/1/2023 AM Draft Trial Tr. at 9:28:43-9:30:22 (testimony regarding medical treatment after December 26, 2013 attack); 6/1/2023 PM Draft Trial Tr. at 4:12:24-4:18:33, 4:25:23-4:39:47, 4:41:09-4:47:34 (same); 6/1/2023 AM Draft Trial Tr. at 9:30:53-9:32:10,

1  9:41:15-9:42:25 (testimony regarding lasting symptoms and effects after attack); 6/2/2023
2  AM Draft Trial Tr. at 9:27:19-9:36:14 (testimony regarding two-month medical follow-up);
3  Trial Exs. 10, 15, 16, 19 (Health Needs Request forms submitted requesting medical
4  treatment for attack-related ongoing symptoms).  This evidence alone is sufficient to
5  support the jury's decision to award Mr. Fierro $25,000 in compensatory damages.  *See*
6  *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (holding that the
7  "jury's verdict **must** be upheld if it is supported by substantial evidence which is evidence
8  adequate to support the jury's conclusion, even if it is also possible to draw a contrary
9  conclusion" (emphasis added)).

10  Finally, Defendants have no evidence that the jury awarded damages for the
11  aggravation of pre-existing medical conditions.  Defendants stipulated to a verdict form that
12  did not require the jury to distinguish or allocate between different types of damages,
13  including damages for any aggravation of pre-existing medical conditions.  *See* Doc. 627.
14  Instead, the parties' stipulated verdict form just had the jury identify the compensatory
15  damages amount if the jury found any of the Defendants liable.  *Id.*  Thus, there is no
16  evidence that the jury actually awarded any damages for the aggravation of pre-existing
17  medical conditions, and Defendants cannot now attack the jury verdict based on their
18  wholly speculative argument.  *Cf. McCord v. Maguire*, 873 F.2d 1271, 1273-74 (9th Cir.
19  1989) (rejecting defendant's argument that jury verdict rested on "unsubstantiated factual
20  theories" because defendant failed to request special verdict form "as to each factual theory"
21  and because the court will uphold a general verdict "if the evidence is sufficient with respect
22  to any of the allegations" so as to deter litigants from "play[ing] procedural brinksmanship
23  with the jury system and tak[ing] advantage of uncertainties that they could well have
24  avoided"); *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1373 (9th Cir.
25  1987) ("When a jury returns a general verdict for the plaintiff after hearing alternative
26  calculations of damages, we uphold the award if there is substantial evidence in the record
27  as to any one calculation to support the award" and "Where a party cannot . . . make a strong
28  showing that presentation of the alternative measure prejudiced the outcome, we conclude

1  that the proper respect for the role of the jury and the discretion of the trial judge favor
2  construing a general verdict [o]n behalf of the prevailing party.").

3      In sum, substantial evidence supports the jury's compensatory damages award to Mr.
4  Fierro, and the Court should prohibit the Defendants from attacking that award now.

### C.    Mr. Fierro's injuries were more than *de minimis*.

    The Court should reject Defendants' *de minimis* argument under 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act for two reasons. First, Defendants' reliance on § 1997e(e)'s physical injury requirement is misplaced. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brough by a prisoner . . . without a prior showing of physical injury . . . ." Construing this language, federal appellate courts have held § 1997e(e) only applies to commencing or starting a lawsuit, not maintaining or continuing it to conclusion. *See Harris v. Garner*, 216 F.3d 970, 973-974 (11th Cir. 2000) ("The language . . . establishes that 'brought,' as used in section 1997e(a)'s 'No action shall be brought . . .' language means filed. And the same word means the same thing in section 1997e(e)'s 'No federal civil action shall be brought . . .' language"); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (following the Eleventh Circuit's approach in *Harris*, among other sister courts, when holding that § 1997e(e) "requires a prior showing of physical injury that need not be significant but must be more than *de minimis*"). This interpretation means that § 1997e(e) serves a gatekeeping or threshold function—that a prisoner must show more than *de minimis* physical injury at the time he files or brings his lawsuit. Defendants cannot rely on § 1997e(e) after the close of evidence at trial to argue that Mr. Fierro cannot proceed on his claim. He satisfied the gatekeeping, threshold question under § 1997e(e) at the time he filed his lawsuit, and § 1997e(e) serves no function now to bar or prohibit his claim at the conclusion of a trial.

    Second, substantial evidence shows that Mr. Fierro has suffered more than *de minimis* physical injuries. For instance, courts have found that stomach pains, dizziness, and weight loss from inadequate meals were more than *de minimis* injuries for purposes of § 1997e(e). *See, e.g.*, *Preayer v. Ryan*, 2017 WL 2351601, at *4 (D. Ariz. May 31, 2017)

(collecting cases). Courts also find that significant bruises and resulting pain, weakness, and numbness constitute more than *de minimis* injuries for purposes of § 1997e(e). *See, e.g.*, *Monclova-Chavez v. McEachern*, 2011 WL 39118, at *6 (E.D. Cal. Jan. 5, 2011) (finding that bruises, weakness, and numbness in plaintiff's shoulder were more than *de minimis*); *Howard v. Klicka*, 242 F. App'x 416, 420 (9th Cir. 2007) (denying dismissal for failure to meet the *de minimis* standard because the complaint alleged exacerbation of existing back issues and resulting pain). Indeed, courts even find that a person who has a heightened sensitivity to cigarette smoke and is exposed to such smoke when placed in a prison cell overcomes the *de minimis* showing. *See Malone v. Quigley*, 2020 WL 3978743, at *9 (W.D. Wash. May 8, 2020) (rejecting *de minimis* argument because "[t]he Ninth Circuit has held that the claim of a person who has heightened sensitivity to cigarette smoke is not 'wholly insubstantial' in a § 1983 matter").

Here, Mr. Fierro testified that he suffered a violent attack by two prison gang members on December 26, 2013. 6/1/2023 AM Draft Trial Tr. at 9:13:38-9:16:17, 9:23:20-9:28:07. He was punched and kicked repeatedly all over his body, including his face, back of head, stomach, shoulder, back, and legs. *Id.* at 9:13:38-9:14:51; 9:07:02-9:27:27. He eventually was knocked to the ground, falling on his back against the hard graveled asphalt. *Id.* 9:14:51-9:15:13. He was lying in the fetal position as he was then repeatedly kicked and stomped on. *Id.* at 9:15:16-9:16:17. His attackers wore prison boots with a thick, hard half-inch lip around each sole in an effort to maximize the infliction of injury and pain. *Id.* at 9:15:44-9:16:17, 9:24:34-9:25:13; 6/7/2023 AM Draft Trial Tr. at 9:09:53-9:15:51. He testified that he experienced excruciating pain and thought he was going to die. *Id.* at 9:27:02-9:27:27. He was then pepper sprayed as correctional staff endeavored to stop the attack. 6/1/2023 AM Draft Trial Tr. at 9:27:27-9:27:55. Mr. Fierro had visible bumps, bruises, and contusions, and he testified that he was bleeding. Trial Ex. 13; 6/1/2023 AM Draft Trial Tr. at 9:13:38-9:14:29. His gait was abnormal, and he walked with a readily apparent limp. Trial Ex. 13; 6/1/2023 PM Draft Trial Tr. at 4:14:02-4:14:40. Immediately following the attack, Mr. Fierro received medical treatment, which included cleaning his

wounds, icing the bumps, bruises, and contusions all over his body, and was prescribed bed rest—which was the highest level of accommodation he could be given. 6/1/2023 AM Draft Trial Tr. at 9:28:53-9:29:28; 6/1/2023 PM Draft Trial Tr. at 4:15:40-4:16:26, 4:45:08-4:47:02; Trial Exs. 12, 13. He testified that his pain persisted for months afterward, including experiencing numbness and such severe symptoms that he was unable to sleep. 6/1/2023 AM Draft Trial Tr. at 9:31:49-9:32:10, 9:33:42-9:34:25, 9:36:14-9:37:30; Trial Exs. 10, 15, 16, 19. Even the treating physician's assistant testified that Mr. Fierro had described a medical emergency, that he would have conducted a follow-up visit with Mr. Fierro within a week of the attack, but that the one-week follow-up visit was not possible solely because of prison procedures and not because of anything relating to the nature or extent of Mr. Fierro's injuries. 6/2/2023 AM Draft Trial Tr. at 9:34:49-9:36:14.

Viewed collectively, the physical injury and pain Mr. Fierro experienced clearly is more than *de minimis*. It is more than a mere stomachache, dizziness, weight loss, or exposure to cigarette smoke. Rather, like *Monclova-Chavez,* Mr. Fierro suffered significant bruising and resulting pain that lasted for months. This evidence satisfies § 1997e(e)'s physical injury showing.

### III.   CONCLUSION

The Court should deny Defendants' oral Rule 50(a) motion. Procedurally, it is moot because the jury has rendered a verdict awarding Mr. Fierro compensatory damages against two Defendants and those Defendants have not renewed their motion under Rule 50(b). And even if the Defendants renewed their motion, the Court should nevertheless still deny it because: (1) Mr. Fierro proffered substantial evidence of his damages; (2) a medical expert was not necessary to establish those damages because they were within a layperson's understanding; and (3) substantial evidence supports a finding that Mr. Fierro's physical injuries were more than *de minimis*. Accordingly, the Court should uphold the jury's damages verdict in favor of Mr. Fierro.

1   DATED this 14th day of June, 2023.

                                        SNELL & WILMER L.L.P.


                                        By: *s/Patrick A. Tighe*
                                            Matt Jarvey
                                            Patrick A. Tighe
                                            Martyna Sawicka
                                            One East Washington St., Ste. 2700
                                            Phoenix, Arizona 85004
                                            *Attorneys for Plaintiff Jose Abel Fierro*